No. 11–5006/MC. U.S. v. Jonathan E. Lee. 200600543. On August 19, 2011, the United States filed a motion for enlargement of time in which to file a certificate of review in the above–captioned case. The Court granted that motion to September 9, 2011, (Daily Journal, August 26, 2011). On September 15, 2011, the United States filed a notice of intent not to certify this case to the United States Court of Appeals for the Armed Forces. In view of this notice, it is ordered that the above–captioned case is hereby removed from the Court's docket.

Friday, September 16, 2011

No. 11–0462/AR. U.S. v. Christopher A. Barberi. CCA 20080636. Review granted on the following issue:

> WHETHER THE GENERAL VERDICT OF GUILT RESTED ON CONDUCT THAT WAS CONSTITUTIONALLY PROTECTED, IN THAT AT LEAST ONE OF THE SIX IMAGES PRESENTED TO THE MEMBERS WAS NOT CHILD PORNOGRAPHY.

Briefs will be filed under Rule 25.

No. 11–5005/MC. U.S. v. Jeremy J. Nash. CCA 201000220. Notice is hereby given that a certificate for review of the decision of the United States Navy–Marine Corps Court of Criminal Appeals was filed under Rule 22 on this date, on the following issues:

> WHETHER THE NAVY–MARINE CORPS COURT OF CRIMINAL APPEALS ERRED IN REVIEWING THE IMPLIED BIAS ISSUE DE NOVO, RATHER THAN REVIEWING THE IMPLIED BIAS ISSUE UNDER THE STANDARD OF LESS DEFERENCE THAN ABUSE OF DISCRETION, BUT MORE DEFERENCE THAN DE NOVO AS SET FORTH IN *UNITED STATES v. BAGSTAD*, 68 M.J. 460 (C.A.A.F. 2010)?

> WHETHER THE LOWER COURT FAILED TO APPLY THE IMPLIED BIAS TEST THAT ASKS WHETHER, CONSIDERED OBJECTIVELY, MOST PEOPLE IN THE SAME POSITION WOULD BE PREJUDICED, REITERATED IN 2010 IN *BAGSTAD*, AND INSTEAD ERRONEOUSLY APPLIED A TEST ASKING WHETHER THE MEMBER'S CIRCUMSTANCES DO INJURY TO THE PERCEPTION OR APPEARANCE OF FAIRNESS IN THE MILITARY JUSTICE SYSTEM?

> WHETHER THE LOWER COURT ERRED IN REVERSING THE MILITARY JUDGE AND SETTING ASIDE THE FINDINGS AND SENTENCE FOR IMPLIED BIAS WHERE THE MEMBER SUBMITTED A WRITTEN REQUEST, WHICH WAS DENIED, THAT THE MILITARY