Judge ERDMANN
delivered the opinion of the court.
Staff Sergeant Christopher A. Barberi was charged with two specifications of sodomy in violation of Article 125, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 925 (2006), and three specifications alleging violations of Article 134, UCMJ, 10 U.S.C. § 934 (2006): creating child pornography, possessing child pornography, and indecent acts. Prior to trial one of the sodomy specifications was dismissed, as were the Article 134 specifications alleging the creation of child pornography and indecent acts. Barberi entered pleas of not guilty to the remaining specifications alleging sodomy and possession of child pornography, but was found guilty of both at a general court-martial composed of officer and enlisted members. The panel sentenced Barberi to two years of confinement, reduction to E-l, and a bad-conduct discharge. The convening authority approved confinement for 1 year and 361 days and approved the rest of the sentence as adjudged. The United States Army Court of Criminal Appeals (CCA) affirmed the findings and sentence. United States v. Barberi, No. ARMY 20080636, 2011 CCA LEXIS 24, at *5, 2011 WL 748378, at *2 (A.Ct.Crim. App. Feb. 22, 2011) (per curiam) (unpublished). This appeal involves only the possession of child pornography specification.
Where a general verdict of guilt is based in part on conduct that is constitutionally protected, the Due Process Clause requires that the conviction be set aside. Stromberg v. California, 283 U.S. 359, 368-70, 51 S.Ct. 532, 75 L.Ed. 1117 (1931). We granted review to determine whether Bar-beri’s conviction for possession of child pornography in violation of Article 134 can be upheld after the Army Court of Criminal Appeals found that four out of the six images introduced by the Government were not child pornography.[1] We hold that under the circumstances of this case, these four images *129 were constitutionally protected and the general verdict of guilt must be set aside.

Background

As the result of an investigation into allegations of sexual abuse made by Barberi’s stepdaughter, SD, law enforcement personnel obtained a compact disc containing electronic images of SD in various stages of undress. SD testified that Barberi took the photos of her. Barberi was charged with knowing possession of child pornography in violation of Article 134, clauses (1) and (2).[2] The Government introduced six photographs of SD identified as Prosecution Exhibits (PE) 21, 22, 23, 24, 25, and 26 in support of the specification.
At an Article 39(a) session, Barberi’s defense counsel moved for a finding of not guilty to the possession of child pornography charge because there was “not a scintilla of evidence before the court that Prosecution Exhibits 21 through 26 meet the definition of child pornography, and 18 U.S.C. 2252 (alpha) under that definition.” The military judge denied the motion and the members found Barberi guilty of possession of child pornography.
The Army Court of Criminal Appeals subsequently found that four of the six images, PE 23, 24, 25, and 26, were legally and factually insufficient to support a conviction because none of those images “depict[ed] any portion of the minor child’s [SD’s] genitalia or pubic area.” Barberi, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1 (citing United States v. Roderick, 62 M.J. 425, 429-30 (C.A.A.F.2006)). However, the CCA found the remaining prosecution exhibits, PE 21 and 22, were child pornography and rejected Barberi’s argument that the general verdict of guilt must be set aside. Id. The CCA affirmed both the findings and sentence. Id. at *5, 2011 WL 748378, at *2.

Discussion

Barberi contends that images not containing a lascivious exhibition are constitutionally protected speech. Because four of the six images presented to the members were constitutionally protected, Barberi argues that the entire conviction for possession of child pornography fails because this court cannot determine whether the conviction rested on constitutional or unconstitutional grounds, citing Stromberg, 283 U.S. 359, 51 S.Ct. 532. Barberi also suggests that the Court of Criminal Appeals erroneously relied on United States v. Rodriguez, 66 M.J. 201 (C.A.A.F. 2008), to affirm his conviction as Rodriguez did not implicate constitutionally protected conduct.
The Government does not challenge the determination of the Court of Criminal Appeals as to PE 23, 24, 25, and 26. Rather, the Government argues that the basis for Barberi’s conviction included PE 21 and 22, which were child pornography and the CCA rightly relied on those findings to affirm Barberi’s conviction. The Government argues that the conviction is valid under the general verdict rule as it is legally supportable on one of the submitted grounds. The Government asserts that the Stromberg rule does not apply to the situation presented here — where a general verdict is based upon insufficient evidence regarding one of several bases for the verdict. The Government therefore concludes that our task is simply to review PE 21 and 22 for legal sufficiency under Article 67, UCMJ, 10 U.S.C. § 867. This court reviews the legal and factual sufficiency of a general verdict de novo. Rodriguez, 66 M.J. at 203.

Constitutionally Protected Images

The Government charged that Barberi knowingly possessed child pornography in violation of Article 134, clauses (1) and (2). Although he was not required to do so, the military judge chose to define “child pornography” to the members with reference to the *130 definitions found in the Child Pornography-Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260 (2006). He instructed that “[c]hild pornography means any visual depiction, including any photograph, film, video, picture, or computer image, whether made or produced by electronic, mechanical, or other means, of sexually explicit conduct, where the production of such visual depiction involves the use of an actual minor engaging in sexually explicit conduct.” (Quotation marks omitted.) Cf. 18 U.S.C. § 2256(8)(A).
The military judge also used the CPPA’s definition of sexually explicit conduct: “actual or simulated sexual intercourse, including genital-to-genital, oral to genital, anal to genital, or oral to anal, whether between persons of the same or opposite sex” and “actual or simulated bestiality, masturbation, sadistic or masochistic abuse, or lascivious exhibition of the genitals or pubic area of any person.” Cf. 18 U.S.C. § 2256(2)(A). The military judge defined the term “lascivious” as “exciting sexual desires or marked by lust” and noted that “[n]ot every exposure of genitals or pubic area constitutes a lascivious exhibition.” The military judge then listed the six “Dost factors” relied on by this court in Roderick, 62 M.J. at 429-30, for determining what constitutes a “lascivious exhibition.”[3] The military judge noted that “consideration of these factors is combined with an overall consideration of the totality of the circumstances.” Neither party objected to these instructions.
On review at the Army Court of Criminal Appeals, Barberi again argued that the images did not constitute child pornography. In its analysis, the CCA held that PE 23, 24, 25, and 26 were legally and factually insufficient to support Barberi’s conviction for knowing possession of child pornography because none of these four images depicted any portion of SD’s genitalia or pubic area. Bar-beri, 2011 CCA LEXIS 24, at *3, 2011 WL 748378, at *1.
Under the definitions provided by the military judge, in order for the images to constitute child pornography they must contain an exhibition of the genitals or pubic area and that exhibition must be lascivious. Here, however, as four of the six images did not contain an exhibition of SD’s genitals or pubic area, there is no need for further inquiry into the definition of “lascivious” or the Dost factors. Without an exhibition of the genitals or pubic area, the four images at issue do not fall within the definition of sexually explicit conduct and therefore do not constitute child pornography as defined by the CPPA and as instructed by the military judge in this case.
In Ashcroft v. Free Speech Coalition, 535 U.S. 234, 245, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002), the Supreme Court recognized the general principle that “the first Amendment bars the government from dictating what we see or read or speak or hear.” But the Court also recognized that “[t]he freedom of speech has its limits; it does not embrace certain categories of speech, including defamation, incitement, obscenity, and pornography produced with real children.” Id. at 245-46, 122 S.Ct. 1389 (citing Simon and Schuster, Inc. v. New York State Crime Victims Bd., 502 U.S. 105, 127, 112 S.Ct. 501, 116 L.Ed.2d 476 (1991) (Kennedy, J., concurring)). Thus, speech that falls outside of these categories retains First Amendment protection. See id.; see also New York v. Ferber, 458 U.S. 747, 765, 102 S.Ct. 3348, 73 L.Ed.2d 1113 (1982) (finding that “descriptions or other depictions of sexual conduct, not otherwise obscene,” retain First Amendment protection). Accordingly, PE 23, 24, 25, and 26 constitute constitutionally protect *131 ed speech, and “[t]he Government may not suppress lawful speech as the means to suppress unlawful speech.” Free Speech Coalition, 535 U.S. at 255, 122 S.Ct. 1389.[4]
We note that under appropriate circumstances conduct that is constitutionally protected in civilian society could still be viewed as prejudicial to good order and discipline or likely to bring discredit upon the armed forces. See, e.g., Parker v. Levy, 417 U.S. 733, 759, 94 S.Ct. 2547, 41 L.Ed.2d 439 (“ ‘Speech that is protected in the civil population may nonetheless undermine the effectiveness of [the] response to command. If it does, it is constitutionally unprotected.’”) (quoting United States v. Priest, 21 USCMA 564, 570, 45 C.M.R. 338, 344 (1972)); United States v. Forney, 67 M.J. 271, 275 (C.A.A.F.2009) (“That the possession of virtual child pornography may be constitutionally protected speech in civilian society does not mean it is protected under military law.”); United States v. Brisbane, 63 M.J. 106, 116 (C.A.A.F.2006) (“In light of Free Speech Coalition we look to the record to determine whether the evidence demonstrates that an accused’s conduct is service-discrediting and/or prejudicial to good order and discipline, even if such conduct would have been protected in a civilian context.”); United States v. Mason, 60 M.J. 15, 19 (C.A.A.F. 2004) (concluding that the analysis is “on a case-by-case basis”). Charges for the possession of child pornography could be brought pursuant to clauses (1) or (2) of Article 134 without reference to the definitions laid out in the CPPA, thereby creating a completely different set of elements required for conviction. That question, however, is not before this court in light of the specification and instructions in Barberi’s case.

The General Verdict Rule and Constitutionally Protected Conduct

“The longstanding common law rule is that when the factfinder returns a guilty verdict on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.” Rodriguez, 66 M.J. at 204 (citing Griffin v. United States, 502 U.S. 46, 49, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991)). We have recognized, however, an exception to the general verdict rule where one of the grounds of the conviction is found to be unconstitutional.
“[I]f a factfinder is presented with alternative theories of guilt and one or more of those theories is later found to be unconstitutional, any resulting conviction must be set aside when it is unclear which theory the factfinder relied on in reaching a decision.” United States v. Cendejas, 62 M.J. 334, 339 (C.A.A.F.2006) (citing Stromberg, 283 U.S. at 368, 51 S.Ct. 532). The theory enunciated by the Supreme Court in Stromberg, “encompasses a situation in which the general verdict on a single-count indictment or information rested on both a constitutional and an unconstitutional ground.” Zant v. Stephens, 462 U.S. 862, 882, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983).
Although two of the images submitted by the prosecution in support of Charge II were legally and factually sufficient to support a finding of guilty, the remaining four were constitutionally protected and we cannot know which images formed the basis for the finding of guilt to the possession of child pornography charge. This presents the same situation described by the Supreme Court in Zant: “If, under the instructions to the jury, one way of committing the offense charged is to perform an act protected by the Constitution, the rule of these cases requires that a general verdict of guilt be set aside even if the defendant’s unprotected conduct, considered separately, would support the verdict.” Id. at 883, 103 S.Ct. 2733.
The CCA relied on our decision in Rodriguez to uphold Barberi’s conviction, explaining that “ ‘so long as the fact finder entered a general verdict of guilty to the [ ] ... specification without exception, any of the individu *132 al acts may be affirmed by the CCA as a part of its Article 66, UCMJ, 10 U.S.C. § 866, review.’ ” Barberi, 2011 CCA LEXIS 24, at *5, 2011 WL 748378, at *2 (alteration in original) (quoting Rodriguez, 66 M.J. at 204). The charges and findings in Rodriguez, however, are distinguishable. The members found Rodriguez guilty of marijuana use on divers occasions but the CCA found the evidence factually sufficient to support only one use of marijuana. Rodriguez, 66 M.J. at 202-03. Rodriguez argued that the general verdict theory required setting aside his conviction because it was “impossible for the CCA to know upon which alleged instances of marijuana use the members based the verdict of guilty on ‘divers occasions.’” Id. at 203. In affirming Rodriguez’s conviction under the general verdict rule, we noted that “a different analysis would apply in a ease where a possible basis for conviction was either illegal or unconstitutional.” Id. at 204 n. 4. Thus, Rodriguez presaged a different analysis in a situation where constitutionally protected conduct is involved. Because we cannot know which prosecution exhibits formed the basis for the members’ decision, and their findings may have been based on constitutionally protected images, the general verdict to the possession of child pornography charge must be set aside.
The Government also relies on Griffin v. United States, 502 U.S. 46, 48, 59-60, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991), for the proposition that “[wjhen there are multiple factual predicates to a charge, one of which is unsupported by the evidence at trial, a court may generally conclude that the jury convicted on the factually supported charge.” However, that rule applies when a conviction is legally supportable on different grounds, not when one or more of the bases for the conviction is constitutionally protected conduct. Griffin explained that a general verdict would not be set aside simply because one of the possible bases for the conviction was “neither unconstitutional as in Stromberg, nor even illegal ... but merely unsupported by sufficient evidence.” Id. at 56, 112 S.Ct. 466. Here four of the possible bases for the conviction were, in fact, constitutionally protected conduct.

Prejudice

Barberi urges us to set aside the verdict without testing for prejudice. While the Supreme Court did not test for harmlessness in reversing the conviction in Stromberg, that case was decided before Chapman v. California, 386 U.S. 18, 21-22, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967) (concluding that some constitutional errors can be harmless). In Stromberg the Court simply set aside the verdict based on the constitutional error. While the Supreme Court has not addressed this particular situation since the issuance of Chapman, it has held that most constitutional errors constitute trial errors and are subject to harmless error review. Hedgpeth v. Pulido, 555 U.S. 57, 60-61, 129 S.Ct. 530, 172 L.Ed.2d 388 (2008); see also Skilling v. United States, — U.S. —, 130 S.Ct. 2896, 2934, 177 L.Ed.2d 619 (2010) (applying Hedgpeth on direct review); United States v. Brooks, 66 M.J. 221, 224 (C.A.A.F.2008) (“There is a strong presumption that an error is not structural.”).
Thus, as in Chapman, we must determine “whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction.” Chapman, 386 U.S. at 23, 87 S.Ct. 824 (quoting Fahy v. Connecticut, 375 U.S. 85, 86-87, 84 S.Ct. 229, 11 L.Ed.2d 171 (1963)). “To say that an error did not contribute to the verdict is ... to find that error unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record.” United States v. Gardinier, 67 M.J. 304, 306 (C.A.A.F.2009) (citation and quotation marks omitted). “An error in admitting plainly relevant evidence which possibly influenced the jury adversely to a litigant cannot ... be conceived of as harmless.” Chapman, 386 U.S. at 23-24, 87 S.Ct. 824 (citation omitted).
As noted, we cannot know which images formed the basis for the finding of guilt to the possession of child pornography specification. Accordingly, the constitutionally protected images reasonably may have contributed to the conviction and cannot be deemed unimportant in relation to everything else *133 the members considered. We therefore find that the Stromberg constitutional error in this case was not harmless beyond a reasonable doubt.

Decision

The decision of the United States Army Court of Criminal Appeals is reversed as to Charge II and the sentence, but is affirmed in all other respects. The record of trial is returned to the Judge Advocate General of the Army for remand to the Court of Criminal Appeals. That court may either dismiss Charge II and reassess the sentence, or it may order a rehearing.

. We granted review of the following issue:
Whether the general verdict of guilt rested on conduct that was constitutionally protected, in that at least one of the six images presented to the members was not child pornography.
United States v. Barberi, 70 M.J. 351 (C.A.A.F. 2011) (order granting review).

. The possession of child pornography specification alleged:
In that Staff Sergeant Christopher A. Barberi, U.S. Army, did, between 4 December 2002 and January 29, 2007, at or near Wurzburg, Germany and Heidelberg, Germany, knowingly possess child pornography, which conduct was prejudicial to good order and discipline or likely to bring discredit upon the armed forces.

. The Dost factors are:
(1) whether the focal point of the visual depiction is on the child’s genitalia or pubic area;
(2) whether the setting of the visual depiction is sexually suggestive, i.e.[,] in a place or pose generally associated with sexual activity; (3) whether the child is depicted in an unnatural pose, or in inappropriate attire, considering the age of the child; (4) whether the child is fully or partially clothed, or nude; (5) whether the visual depiction suggests sexually coyness or a willingness to engage in sexual activity; (6) whether the visual depiction is intended or designed to elicit a sexual response in the viewer.
Id. (quoting United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986)).

. The dissenting opinion takes issue with our finding that these images are constitutionally protected. United States v. Barben, 71 M.J. 127, 128 (C.A.A.F. 2012) (Baker, C.J. dissenting). Although these images are disturbing and distasteful, that alone does not place them into the category of unprotected speech in this case.