# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
KERN, YOB, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Staff Sergeant CHRISTOPHER A. BARBERI**
**United States Army, Appellant**

ARMY 20080636

Headquarters, V Corps
Timothy Grammel and Gregg A. Marchessault, Military Judges
Colonel Flora D. Darpino, Staff Judge Advocate

For Appellant:  Captain Michael E. Korte, JA; William E. Cassara, Esquire (on brief).

For Appellee:  Colonel Michael E. Mulligan, JA; Major Christopher B. Burgess, JA; Major Ellen S. Jennings, JA; Captain Stephen E. Latino, JA (on brief).

12 July 2012

--------------------------------------------------------
SUMMARY DISPOSITION UPON REMAND
--------------------------------------------------------

KERN, Senior Judge:

An officer and enlisted panel sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of sodomy of a child who had attained the age of twelve, but was under the age of sixteen, and one specification of possession of child pornography in violation of Articles 125 and 134, Uniform Code of Military Justice 10 U.S.C. §§ 925 and 934 (2006) [hereinafter UCMJ].  The panel sentenced appellant to a bad-conduct discharge, confinement for two years, and reduction to the grade of E1. The convening authority approved confinement for one year and 361 days, but otherwise approved the remainder of the adjudged sentence.

On 25 February 2011, this court affirmed the findings of guilty and the sentence.  *United States v. Barberi*, ARMY 20080636, 2011 WL 748378 (Army Ct. Crim. App. 22 Feb. 2011) (sum. disp.)  On 15 May 2012, our superior court reversed our decision as to Charge II and its Specification and the sentence, but affirmed the

remainder of the decision. The record of trial was returned to The Judge Advocate General of the Army for remand to this court to either dismiss Charge II and its Specification and reassess the sentence or order a rehearing. *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012).

## LAW AND DISCUSSION

In light of our superior court's opinion, we dismiss Charge II and its Specification and reassess the sentence. The findings of guilty of the Specification of Charge II and Charge II are set aside and dismissed. The remaining findings of guilty are affirmed. Although clearly not the gravamen offense and not specifically highlighted in the government's sentencing argument, Charge II did constitute one-third of the potential maximum sentence to confinement faced by appellant. Therefore, we find that the dismissal of Charge II and its Specification does change the sentencing landscape. Reassessing the sentence on the basis of the error noted, the entire record, and applying the principles of *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), and *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), to include the factors identified by Judge Baker in his concurring opinion in *Moffeit*, we affirm only so much of the sentence as provides for a bad-conduct discharge, confinement for one year and 331 days, and reduction to the grade of E1. We conclude that such a sentence is at least that which would have been imposed by a court-martial for the remaining findings of guilt. All rights, privileges, and property of which appellant was deprived by virtue of that portion of his sentence being set aside by this decision are hereby ordered restored.

Judge YOB concurs.

ALDYKIEWICZ, Judge, concurring in part and dissenting in part:

I concur with the decision to dismiss Charge II and its Specification. While I concur with my brethren that this court can confidently reassess appellant's sentence in light of the modified findings, thus obviating the need to return the case to the convening authority for a sentence rehearing, I disagree with their thirty-day reduction in appellant's sentence. In arriving at my decision I have considered the principles articulated in *United States v. Sales*, 22 M.J. 305, 308 (C.M.A. 1986) and *United States v. Moffeit*, 63 M.J. 40, 41 (C.A.A.F. 2006), to include those factors noted in Judge Baker's concurring opinion, *Moffeit*, 63 M.J. at 43 (Baker, J., concurring).

Appellant sodomized his step-daughter repeatedly over a four-year period, beginning when she was eleven and ending on her fifteenth birthday. When asked by his step-daughter whether what he was doing was normal, appellant responded that "a lot of little girls do that [i.e., perform oral sodomy] for their daddies." Worse yet, appellant kept his step-daughter from reporting his criminal activity by

2

telling her that her mother, sick with cancer at the time, would "die" if she told anyone because the mother would no longer have access to the medicine she needed if people found out what appellant was doing. The gravamen of this case and the aggravating circumstances supporting appellant's sentence surround appellant's four years of repeated, ongoing sexual abuse of his minor step-daughter, a fact highlighted by the government's sentencing argument, an argument that never mentioned possession of child pornography, the images at issue in Charge II and its Specification, or Charge II and its Specification.

While the dismissal of Charge II and its Specification reduced appellant's maximum confinement exposure from thirty to twenty years, I disagree with the majority that the sentencing landscape has significantly changed warranting any reduction in sentence. I am convinced, beyond any doubt whatsoever, that appellant's sentence would have been as adjudged by the court-martial without Charge II and its Specification and therefore would affirm the sentence as adjudged by the court-martial and approved by the convening authority.

For these reasons, I dissent.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court