# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
YOB, LIND, and KRAUSS*
Appellate Military Judges

**UNITED STATES, Appellee**
**v.**
**Specialist JASON A. BLANCHETTE**
**United States Army, Appellant**

ARMY 20120291

Headquarters, Fort Riley
Jeffery R. Nance, Military Judge
Lieutenant Colonel Daniel G. Brookhart, Staff Judge Advocate

For Appellant:  Lieutenant Colonel Imogene M. Jamison, JA; Captain A. Jason Nef, JA; Captain James P. Curtin, JA (on brief).

For Appellee:  Lieutenant Colonel James L. Varley, JA; Major Catherine Brantley, JA; Captain Daniel M. Goldberg, JA (on brief).

8 January 2014

--------------------------------
SUMMARY DISPOSITION
--------------------------------

LIND, Judge:

A military judge sitting as a general court-martial convicted appellant, contrary to his pleas, of one specification of rape of a child; one specification of service-discrediting conduct for possession of images of child pornography; and one specification of service-discrediting conduct for possession of images depicting young girls or boys as sexual objects or in a sexually suggestive way in violation of Articles 120 and 134, Uniform Code of Military Justice, 10 U.S.C. §§ 920, 934 (2006 & Supp. IV) [hereinafter UCMJ].  The military judge sentenced appellant to a bad-conduct discharge and confinement for two years.  The convening authority approved the adjudged sentence, credited appellant with forty-five days against the sentence to confinement, and waived automatic forfeitures for a period of six months for the benefit of appellant's daughter.

--------------------------------

* Senior Judge YOB took final action on this case prior to his permanent change of duty station.

This case is before the court for review under Article 66, UCMJ. Appellant argues he did not have fair notice that the charged conduct in Specification 2 of Charge II (possession of "images that depict young girls or boys as sexual objects or in a sexually suggestive way" in violation of Article 134, UCMJ) was subject to criminal sanction. The government concedes in light of *United States v. Warner*, __ M.J. __ (C.A.A.F. 6 Dec. 2013).

We will grant appellant the relief he requests—dismissal of Specification 2 of Charge II—but on different grounds. As a result of our decision regarding appellant's first assignment of error, appellant's second assignment of error alleging legal insufficiency of Specification 2 of Charge II is rendered moot. We have also considered those matters personally raised by appellant pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982), and find they are without merit.

In light of our superior court's decision in *United States v. Warner*, assuming without deciding that appellant was on notice that possessing *nude* images "depict[ing] young girls or boys as sexual objects or in a sexually suggestive way" was subject to criminal sanction under Article 134, UCMJ, Specification 2 of Charge II must nevertheless be set aside and dismissed pursuant to *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012).

Specification 2 of Charge II alleged appellant possessed "some images," but did not list any specific image names or numbers. The government entered Prosecution Exhibit 12 into evidence, which was a compact disc containing hundreds of numbered nude images of both children and adults, only some of which depicted sexually explicit conduct and some of which depicted children as sexual objects or in sexually suggestive ways. While the military judge announced specific image numbers in his finding of guilty of Specification 1 of Charge II (possession of child pornography), the military judge reached a general verdict of guilty for Specification 2 of Charge II and did not distinguish any images in Prosecution Exhibit 12 as constitutionally protected speech. "[I]f a factfinder is presented with alternative theories of guilt and one or more of those theories is later found to be unconstitutional, any resulting conviction must be set aside when it is unclear which theory the factfinder relied on in reaching a decision." *Barberi*, 71 M.J. at 131 (quoting *United States v. Cendejas*, 62 M.J. 334, 339 (C.A.A.F. 2006) (citing *Stromberg v. California*, 283 U.S. 359, 368 (1931)).

We nonetheless test whether the constitutional error was harmless beyond a reasonable doubt. *Id.* at 132 (citing *Chapman v. California*, 386 U.S. 18, 21-22 (1967)). To do so, we must determine "whether there is a reasonable possibility that the evidence complained of might have contributed to the conviction." *Id.* at 132 (quoting *Chapman*, 386 U.S. at 23). In this case, like in *Barberi*, we find the constitutional error was not harmless beyond a reasonable doubt because we cannot know which images formed the basis for the finding of guilty of Specification 2 of Charge II. Accordingly, "the constitutionally protected images reasonably may have

contributed to the conviction and cannot be deemed unimportant in relation to everything else" the fact-finder considered.  *Id.* at 132-33.

## CONCLUSION

The finding of guilty of Specification 2 of Charge II is set aside and dismissed.  The remaining findings of guilty are AFFIRMED.

In *United States v. Sales*, our superior court set forth the standard for sentence reassessment:  "if the [service] court can determine to its satisfaction that, absent any error, the sentence adjudged would have been of at least a certain severity, then a sentence of that severity or less will be free of the prejudicial effects of error . . . ."  22 M.J. 305, 308 (C.M.A. 1986).  After conducting a thorough analysis on the basis of the entire record and in accordance with the principles of *United States v. Sales*, *id.*, and the factors set forth in *United States v. Winckelmann*, M.J. __, slip op. at 12-13 (C.A.A.F. 18 Dec. 2013), we are confident in our ability to reassess appellant's sentence without the need for a rehearing.

In evaluating the *Winckelmann* factors, we find there is no dramatic change in the penalty landscape or significant decrease in sentencing exposure.  Appellant's conviction for rape of a child by itself carried a maximum punishment of life without the possibility of parole.  The military judge considered Specification 2 of Charge II an unreasonable multiplication of charges for sentencing with the child pornography specification.  Appellant was sentenced by a military judge and his adjudged sentence was well-below the maximum.  The gravamen of appellant's misconduct remains the rape of a child under the age of twelve.  Finally, this court reviews the records of a substantial number of courts-martial involving sexual misconduct and we have extensive experience with the level of sentences imposed for such offenses under various circumstances.

After our review of the record, we are confident the military judge would have adjudged the same sentence absent the error noted.  The sentence is AFFIRMED. All rights, privileges, and property, of which appellant has been deprived by virtue of the finding of guilty set aside by the decision, are ordered restored.

Senior Judge YOB and Judge KRAUSS concur.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3