# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

## UNITED STATES

**v.**

### Senior Airman JUSTIN G. STIPES
### United States Air Force

### ACM 38421

### 02 July 2014

Sentence adjudged 16 July 2013 by GCM convened at Whiteman Air Force Base, Missouri. Military Judge: Grant L. Kratz (sitting alone).

Approved Sentence: Bad-conduct discharge, confinement for 18 months, and reduction to E-1.

Appellate Counsel for the Appellant: Major Matthew T. King.

Appellate Counsel for the United States: Colonel Don M. Christensen; Major Jason M. Kellhofer; and Gerald R. Bruce, Esquire.

Before

HECKER, MITCHELL, and WEBER
Appellate Military Judges

OPINION OF THE COURT

This opinion is subject to editorial correction before final release.

HECKER, Judge:

A military judge sitting as a general court-martial convicted the appellant, pursuant to his pleas, of possessing child pornography, in violation of Article 134, UCMJ, 10 U.S.C. § 934. The appellant was sentenced to a bad-conduct discharge, confinement for 18 months, and reduction to E-1. The convening authority approved the sentence as adjudged.

On appeal, the appellant argues the findings and sentence are legally insufficient as they were based on images that were either (1) not linked to his guilty plea, or

(2) constitutionally protected. Finding no error that materially prejudices a substantial right of the appellant, we affirm the approved findings and sentence.

*Background*

In April 2012, the appellant's roommate discovered what appeared to be child pornography on the appellant's external hard drive. Following an investigation, the appellant was charged under Article 134, UCMJ, Clauses 1 and 2, with "knowingly and wrongfully possess[ing] child pornography, to wit: visual depictions of minors engaging in sexually explicit conduct, [which] was to the prejudice of good order and discipline in the armed forces and of a nature to bring discredit upon the armed forces."

During the guilty plea inquiry, after being instructed on the elements of the offense and the various definitions applicable to it, the appellant told the military judge he regularly downloaded pornography to his computer between November 2011 and April 2012 while deployed to Kuwait. Using search terms he knew were likely to lead him to images or videos of minors engaging in sexually explicit conduct, the appellant said he looked for and obtained images of child pornography and visited websites where he believed he could find such depictions. After downloading these materials to his personal computer, the appellant saved them to folders on an external hard drive. He described the images as follows:

> [T]he images and videos contained footage of minors engaging in sexually explicit conduct. They were engaged in sexual intercourse on some occasions and others they were exhibiting themselves in lascivious manners. They were unclothed in a majority of the images and videos.
>
> The images and videos were not artistic in nature and were not intended to be an artistic depiction of the human body. The females did not have mature characteristics, and had little or no public hair and had undeveloped breast[s] and bodies.

In response to questions from the military judge, the appellant said it was "obvious" to him that the individuals in these materials were females between the ages of 8 and 12 years old, and that they were naked and posed in a sexual way with the focal point of the images being on their genitals or pubic area. He agreed the depictions were intended or designed to elicit a sexual response in the viewer. After this colloquy (and without reviewing any images), the military judge found the appellant guilty of knowingly and wrongfully possessing child pornography.[1]

---

[1] There was no stipulation of fact.

During the Government's sentencing case, trial counsel offered a report containing an analysis prepared by a forensic computer laboratory. This report was redacted from its original form so that it only contained information relating to the 17 items (10 photographs and 7 videos) that the Government intended to introduce into the court-martial, consistent with the pretrial notice provided by trial counsel. This report indicates the user name for the laptop account was *justinstipes*, and his name was listed as the "subject" of the report. The defense only objected to the admission of one page of the forensic report.

Trial counsel also admitted, without defense objection, a compact disc containing images found on the appellant's external hard drive, in the format of a PowerPoint presentation. The presentation included 17 slides, one for each of the items described in the forensic report. For the videos, the slide contained still frames taken from the video.

The appellant now argues there was no evidentiary link made between the conduct he described in his guilty plea and the images found in the PowerPoint presentation and therefore the findings and sentence in his case are "legally insufficient" because the military judge improperly considered those images during the sentencing phase of the trial. As an alternative argument, the appellant contends the military judge's consideration of one particular image violated his constitutional rights, citing *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012).

The finding of guilty in this case is clearly legally sufficient. The appellant acknowledges his plea was provident, and we agree. There is no requirement for the military judge to compel the Government to submit the pornographic images in the findings stage of the case in order for a plea to be provident. The military judge had an obligation to ensure the appellant was convinced of, and was able to describe, all the facts necessary to establish guilt. Rule for Courts-Martial (R.C.M.) 910(e). After considering the appellant's colloquy as well as any inferences that may reasonably be drawn from it, we find there is nothing in the record of trial that raises a substantial question regarding the providency of that plea. *See United States v. Carr*, 65 M.J. 39, 41 (C.A.A.F. 2007) (reviewing the military judge's colloquy, and any reasonable inferences, for an abuse of discretion); *United States v. Inabinette*, 66 M.J. 320, 322 (C.A.A.F. 2008).

Regarding the legal sufficiency of his sentence, the appellant appears to be arguing the PowerPoint presentation should not have been admitted because there was insufficient foundation to link its contents to the conduct described in his guilty plea. Because he did not object to the admission of this evidence at trial, the appellant has forfeited appellate review of this issue absent plain error. *United States v. Kasper*, 58 M.J. 314, 318 (C.A.A.F. 2003). To establish plain error, the appellant must demonstrate that "(1) an error was committed; (2) the error was plain, clear, or obvious; and (3) the error resulted in material prejudice to an appellant's substantial rights." *United States v. Hardison*, 64 M.J. 279, 281 (C.A.A.F. 2007) (citing *United States v.*

*Powell*, 49 M.J. 460, 463–65 (C.A.A.F. 1998)).  We do not find error, plain or otherwise, in the admission of this document.  The images found in this document were clearly admissible as aggravation evidence "directly relating to" the offense of which the appellant was found guilty and were not unduly prejudicial.  R.C.M. 1001(b)(4); Mil. R. Evid. 403.

In his alternative argument, the appellant argues there is "no basis to conclude definitively" that 1 of the 17 images found in the PowerPoint presentation was child pornography.  That photograph shows the naked body of a female with a sexual device inserted into her vagina.  Although the female's face is not fully visible, her body has underdeveloped breasts and minimal pubic hair.  Based on her appearance, the female in this image is likely the same individual depicted in three other photographs within the presentation.  Additionally, all four photographs have file names that include the same female name ("Bianca").  The appellant does not dispute that the female who is fully visible in the three photographs is a "minor."  Even assuming, however, that the female in the questioned image is a different female who is not under the age of 18, the appellant is not entitled to relief under *Barberi* or otherwise.

Because the images themselves were not used to determine the providence of the appellant's plea, *Barberi* is inapplicable.  *Barberi* applies to cases where a conviction is *based* on conduct that is constitutionally protected.  *Barberi*, 71 M.J. at 128.  In the present case, the appellant's conviction is based on his admissions during the guilty plea inquiry and is not based on the images found in the sentencing exhibit.  Furthermore, this 1 image, like the 16 others, was admissible as sentencing evidence after the appellant was found guilty.  A military judge is presumed to know the law and apply it correctly, absent evidence to the contrary.  *See United States v. Phillips*, 70 M.J. 161, 166 (C.A.A.F. 2011) (citing *United States v. Robbins*, 52 M.J. 455, 457 (C.A.A.F. 2000)).  We have no reason to believe the military judge considered this image for anything other than its proper purpose.

*Conclusion*

The approved findings and sentence are correct in law and fact, and no error materially prejudicial to the substantial rights of the appellant occurred.[2]  Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c); *United States v. Reed*, 54 M.J. 37, 41 (C.A.A.F. 2000).

---

[2]  The charge sheet alleges the appellant possessed "child pornography," but the court-martial order (CMO) only includes the word "pornography."  We order a corrected CMO to remedy this clerical error.  Air Force Instruction 51-201, *Administration of Military Justice*, ¶ 10.10 (6 June 2013).

Accordingly, the approved findings and sentence are

AFFIRMED.

FOR THE COURT

STEVEN LUCAS
Clerk of the Court