Judge RYAN delivered the opinion of the Court.
A general court-martial composed of officer and enlisted members convicted Appellant, contrary to his pleas, of knowing and wrongful possession, on divers occasions, of one or more visual depictions of a sexually explicit nature of a minor child; knowing and wrongful receipt, on divers occasions, of one or more visual depictions of a sexually explicit nature of a minor child; enticing a minor child, on divers occasions, to send him visual depictions of a sexually explicit nature; and communicating indecent language to a minor on divers occasions, all in violation of clause (2) of Article 134, Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 934. United States v. Piolunek, 72 M.J. 830, 833 (A.F.Ct.Crim.App.2013). The members sentenced Appellant to a dishonorable discharge, confinement for one year and six months, and reduction to the grade of E-l. The convening authority approved the sentence as adjudged. Id.
On April 1, 2014, we granted review of the following issue:
WHETHER APPELLANT’S CONVICTIONS FOR POSSESSION AND RECEIPT OF CHILD PORNOGRAPHY ON DIVERS OCCASIONS MUST BE SET ASIDE BECAUSE SEVERAL IMAGES OFFERED IN SUPPORT OF THE SPECIFICATIONS ARE NOT CHILD PORNOGRAPHY AND ARE CONSTITUTIONALLY PROTECTED, A GENERAL VERDICT WAS ENTERED, AND IT IS IMPOSSIBLE TO DETERMINE WHETHER SAID IMAGES CONTRIBUTED TO THE VERDICT.
On April 18, 2014, on certification under Article 67(a)(2), UCMJ, 10 U.S.C. § 867(a)(2) (2012), the Judge Advocate General of the Air Force asked this Court to consider thé following question:
WHETHER THE AIR FORCE COURT OF CRIMINAL APPEALS ERRED IN FINDING THAT IMAGES 8308, 8313, AND 0870 DID NOT CONSTITUTE VISUAL DEPICTIONS OF A MINOR ENGAGED IN SEXUALLY EXPLICIT CONDUCT AS A MATTER OF LAW.
The certified question, while phrased as a question of law, misapprehends the underlying basis for the decision of the United States Air Force Court of Criminal Appeals (CCA), which was, “none of these three images contain an exhibition of her genitals or pubic region.” Piolunek, 72 M.J. at 837. Whether any given image does or does not display the genitals or pubic region is a question of fact, albeit one with legal consequences. This Court may “take action only with respect to matters of law.” Article 67(c), UCMJ, 10 U.S.C. § 867 (2012).
Our conclusion that the CCA’s decision toned on a question of fact causes us to revisit the premise of our recent decision in United States v. Barberi, 71 M.J. 127 (C.A.A.F.2012), and determine that it was wrongly decided. Barben set aside a general verdict for possession of child pornography. Id. at 128-29. Since four of six images presented to the members were found by the United States Army Court of Criminal Appeals not to constitute child pornography, we reasoned that Stromberg v. California, 283 U.S. 359, 368-70, 51 S.Ct. 532, 75 L.Ed. 1117 *109 (1931), required us to set aside the verdict because we could not know whether the members based their verdict on those images. Barberi, 71 M.J. at 128-29, 131-32. We erred.
In this case, the military judge instructed members that it was their role to find which, if any, images in question exhibited the features that met the definition of minors “engaging in sexually explicit conduct.” Absent an unconstitutional definition of criminal conduct, flawed instructions, or evidence that members did not follow those instructions, none of which are present here, and none of which were present in Barberi, there is simply no basis in law to upset the ordinary assumption that members are well suited to assess the evidence in light of the military judge’s instructions. Barberi was not a case of Stromberg error. Neither is the instant ease.
Our decision supersedes Barberi, and Appellant’s convictions are affirmed.
I. FACTS
From December 2009 to September 2010, Appellant received a series of e-mails from KLR, a minor under the age of sixteen, containing images depicting her nude or semi-nude. Appellant was charged with “wrongfully and knowingly” receiving and possessing “visual depictions of a sexually explicit nature of ... a minor child” on divers occasions.
The military judge instructed the members that, in order to convict on both specifications, they needed to find that Appellant knowingly received and possessed “visual depictions” of minors “engaging in sexually explicit conduct” on more than one occasion.[1] The military judge offered a definition of “sexually explicit conduct” that closely mirrored the definition contained in the Child Pornography Prevention Act of 1996 (CPPA), 18 U.S.C. §§ 2252A-2260 (2006). .See 18 U.S.C. § 2266(2)(A)(v). He noted that “ ‘[sjexually explicit conduct’ means lascivious exhibition of the genitals or pubic area of any person.” Members were instructed to consider the following factors, in conjunction with “an overall consideration of the totality of circumstances,” to determine whether an exhibition was lascivious:
[Wlhether the focal point of the depiction is on the genitals or pubic area[;] whether the setting is sexually suggestive[;] whether the child is depicted in an unnatural pose or in inappropriate attire considering the child’s age; whether the child is partially clothed or nude; whether the depiction suggests sexual coyness or willingness to engage in sexual activity; whether the depiction is intended to elicit a sexual response in the viewer; whether the depiction portrays the child as a sexual object; and any captions that may appear on the depiction or materials accompanying the depiction.
The members thus had to determine that the images did or did not display the genitals or pubic area, and then apply the so-called Dost factors, inter alia, to determine whether that depiction constituted a “lascivious exhibition.” See United States v. Roderick, 62 M.J. 425, 429-30 (C.A.A.F.2006) (citing United States v. Dost, 636 F.Supp. 828, 832 (S.D.Cal.1986)). Members evaluated twenty-two images in total, reaching a general verdict of guilty on the specifications related to the images.
II. AFCCA DECISION
The AFCCA affirmed the findings and sentence, but determined that only nineteen of the twenty-two images constituted “visual depictions of a minor engaging in sexually explicit conduct,” as three images did not show KLR’s genitals or pubic area, the threshold question for whether the images met the definition of sexually explicit conduct provided by the military judge. Piolunek, 72 M.J. at 836-37 (“If the images do not depict the genital or pubic region, we stop our analysis.”). The court held that these three *110 images were constitutionally protected and that, based on our decision in Barberi, this was Stromberg error. Id. at 837. It nonetheless determined, based on a three-factor test of its own devising, that there was no “reasonable possibility that the evidence complained of might have contributed to the conviction.”[2] Id. (quoting Chapman v. California, 386 U.S. 18, 23, 87 S.Ct. 824, 17 L.Ed.2d 706 (1967)); see also Piolunek, 72 M.J. at 838.
III. DISCUSSION
A.
Article 67(c), UCMJ, states that “[t]he Court of Appeals for the Armed Forces shall take action only with respect to matters of law.” 10 U.S.C. § 867. In this Court’s first published opinion, United States v. McCrary, the majority stated, “[t]here can be no question that the Congress of the United States ... did not intend to extend review by this court to questions of fact- [T]he Uniform Code of Military Justice expressly limits review by this court.” 1 C.M.A. 1, 3, 1 C.M.R. 1, 3, 1951 WL 1497 (1951) (internal citation omitted). A subsequent opinion specified that “questions of credibility, or assertions that the factual basis for a ruling should be reinterpreted are not reviewable by the Court.” United States v. Nargi, 2 M.J. 96, 98 (C.M.A.1977); see also United States v. Burris, 21 M.J. 140, 144 (C.M.A. 1985). “[W]e may not reassess a lower court’s fact-finding.” United States v. Leak, 61 M.J. 234, 241 (C.A.A.F.2005).
“Recognizing that the distinction between a question of law and a question of fact is not always clearly defined, we must nevertheless avoid resolving ■ questions of fact which are separable from a question of law.” United States v. Lowry, 2 M.J. 55, 58 (C.M.A.1976), superseded on other grounds by Military Rule of Evidence 305(e), as recognized in United States v. Spencer, 19 M.J. 184, 186-87 (C.M.A.1985). In our view, what the Judge Advocate General of the Air Force seeks is to have us revisit the factual basis for the CCA’s legal ruling. The CCA’s determination that three images did not constitute visual depictions of a minor engaging in sexually explicit conduct was based on its conclusion that “none of these three images contain an exhibition of her genitals or pubic region.” Piolunek, 72 M.J. at 837. Since that threshold factual determination is eminently separable from its legal consequence, it is not one that this Court may revise.[3]
B.
Having parsed this analysis in a way we did not in Barberi, we recognize that properly instructed members are well suited to assess the evidence and make the same factual determination that the CCA did with respect to whether an image does or does not depict the genitals or pubic region, and is, or is not, a visual depiction of a minor engaging in sexually explicit conduct. This is distinguishable from the altogether different situation in Stromberg and its progeny. In Stromberg, jurors were told that they could convict the appellant under any of three clauses of a statute. 283 U.S. at 363-64. The jury returned a general verdict without specifying the clause under which it had convicted. Id. at 367-68. The Supreme Court found one of the three clauses to be unconstitutional on grounds of vagueness and ruled that “the conviction of the appellant, which so far as the record discloses may have rested upon that clause exclusively, must be set aside.” Id. at 370.
Stromberg applies only where members may have convicted on the basis of an unconstitutional statute or legal theory. See, e.g., *111 Leary v. United States, 395 U.S. 6, 31-32, 89 S.Ct. 1532, 23 L.Ed.2d 57 (1969) (“It has long been settled that when a case is submitted to the jury on alternative theories the unconstitutionality of any of the theories requires that the conviction be set aside.”); Williams v, North Carolina, 317 U.S. 287, 292, 63 S.Ct. 207, 87 L.Ed. 279 (1942) (“To say that a general verdict of guilty should be upheld though we cannot know that it did not rest on the invalid constitutional ground on which the case was submitted to the jury, would be to countenance a procedure which would cause a serious impairment of constitutional rights.”); United States v. Cendejas, 62 M.J. 334, 339 (C.A.A.F.2006) (setting aside a conviction where it was not possible to “determine that the military judge relied only on those portions of the definition later found to be constitutional by the Supreme Court”); cf. Cramer v. United States, 325 U.S. 1, 36 n. 45, 65 S.Ct. 918, 89 L.Ed. 1441 (1945).[4]
That is not this case, as neither the statute nor the legal theory presented to the members was constitutionally infirm. Here, as in Barberi, the military judge’s definition of the charged behavior was consistent with the CPPA’s definition of child pornography as revised pursuant to the decision in Ashcroft v. Free Speech Coalition, 535 U.S. 234, 122 S.Ct. 1389, 152 L.Ed.2d 403 (2002). See 18 U.S.C. § 2256(2)(A)(v); 18 U.S.C. § 2256(8)(A). Similarly, this Court has adopted the Dost factors. Roderick, 62 M.J. at 430. While the Court in Barberi divided on whether there is an additional category of images that constitute child pornography, see Barberi, 71 M.J. at 131; see also United States v. Warner, 73 M.J. 1, 3-4 (C.A.A.F.2013), we all agree that images that meet the CPPA’s definition of child pornography are not constitutionally protected.
While members are not presumed to be suited to make legal determinations of constitutional law, they are presumed to be competent to make factual determinations as to guilt.
When ... jurors have been left the option of relying upon a legally inadequate theory, there is no reason to think that their own intelligence and expertise will save them from that error.... [T]he opposite is true, however, when they have been left the option of relying upon a factually inadequate theory, since jurors are well equipped to analyze the evidence.
Griffin v. United States, 502 U.S. 46, 59, 112 S.Ct. 466, 116 L.Ed.2d 371 (1991) (citations omitted).[5] Moreover, “[i]n the absence of evidence indicating otherwise, a jury is presumed to have complied with the instructions given them by the judge.” United States v. Ricketts, 23 C.M.A. 487, 490, 50 C.M.R. 567, 570 (1975); see also United States v. Hill, 62 M.J. 271, 276 (C.A.A.F.2006); United States v. Holt, 33 M.J. 400, 408 (C.M.A.1991).
Contrary to our conclusion in Bar-beri, convictions by general verdict for possession and receipt of visual depictions of a minor engaging in sexually explicit conduct on divers occasions by a properly instructed panel need not be set aside after the CCA decides several images considered by the members do not depict the genitals or pubic *112 region. This case involves a straightforward application of the “general verdict rule.” 71 M.J. at 131. As we noted in United States v: Rodriguez, “[t]he longstanding common law rule is that when the factfinder returns a guilty verdict on an indictment charging several acts, the verdict stands if the evidence is sufficient with respect to any one of the acts charged.” 66 M.J. 201, 204 (C.A.A.F.2008).
The record shows that the members wei'e required to determine whether one or more of the twenty-two images constituted sexually explicit conduct based on the definition and explanation given by the military judge. The military judge directed the members to “consider whether the depictions as set forth in my written instructions constitute sexually explicit conduct as I have previously defined” when “determining whether the accused is guilty of this offense, beyond a reasonable doubt.” The members convicted Appellant of possession and receipt of one or more depictions on divers occasions. Piolunek, 72 M.J. at 833. As the CCA found that the evidence was legally and factually sufficient with respect to nineteen of the twenty-two images, id. at 837, and with no reason to disturb well-settled precedent on the application of the general verdict rule, Appellant’s conviction stands.
IV. CONCLUSION
The decision of the United States Air Force Court of Criminal Appeals is affirmed.

. The military judge told members that Appellant was charged with "knowing receipt of child pornography,” and "knowing possession of child pornography." The military judge misstated the charges. However, the military judge's instructions regarding the elements of the crime were consistent with the charges.

. We leave for another day the question whether Stromberg error is susceptible to a harmless error analysis: If in fact a conviction rests on an unconstitutional statute or legal theory, it is at best questionable why or how the weight of the evidence overcomes that constitutional infirmity.

. Consistent with Article 67(c), UCMJ, a different analysis pertains if a CCA's finding of fact is clearly erroneous or unsupported by the record. See, e.g., United States v. Gore, 60 M.J. 178, 185 (C.A.A.F.2004); United States v. Teffeau, 58 M.J. 62, 66-67 (C.A.A.F.2003); United States v. Tollinchi, 54 M.J. 80, 82 (C.A.A.F.2000); United States v. Avery, 40 M.J. 325, 328 (C.M.A.1994). This is not such a case.

. See also Street v. New York, 394 U.S. 576, 586-87, 589, 593-94, 89 S.Ct. 1354, 22 L.Ed.2d 572 (1969) (applying the Stromberg rule because an unconstitutional statutory ban on verbal contempt of the national flag might have formed a basis for the petitioner’s conviction); Thomas v. Collins, 323 U.S. 516, 540-41, 65 S.Ct. 315, 89 L.Ed. 430 (1945) (reversing judgment of contempt against union representative for violating restraining order proscribing solicitations, where motion for judgment of contempt and contempt order did not distinguish between constitutionally protected "general” solicitations and unprotected solicitations); Zant v. Stephens, 462 U.S. 862, 884, 103 S.Ct. 2733, 77 L.Ed.2d.235 (1983) (not applying Stromberg because constitutionally protected conduct was neither a basis for the conviction nor an aggravating factor in sentencing).

. Cf. Miller v. California, 413 U.S. 15, 30, 93 S.Ct. 2607, 37 L.Ed.2d 419 (1973) (explaining that "[t]he adversary system, with lay jurors as the usual ultimate factfinders in criminal prosecutions, has historically permitted triers of fact to draw on the standards of their community" to determine whether material is obscene and therefore not subject to constitutional protection); Roth v. United States, 354 U.S. 476, 489-90, 77 S.Ct. 1304, 1 L.Ed.2d 1498 (1957) (affirming a judgment obtained after the judge recited the proper definition of obscenity and told jurors "you and you alone are the exclusive judges of” whéther the materials in question are obscene).