# UNITED STATES NAVY-MARINE CORPS
# COURT OF CRIMINAL APPEALS
# WASHINGTON, D.C.

**Before**
**F.D. MITCHELL, K.J. BRUBAKER, M.C. HOLIFIELD**
**Appellate Military Judges**

**UNITED STATES OF AMERICA**

**v.**

**ARNOLD C. KAMARA**
**GUNNERY SERGEANT (E-7), U.S. MARINE CORPS**

**NMCCA 201400156**
**GENERAL COURT-MARTIAL**

**Sentence Adjudged:** 5 December 2013.
**Military Judge:** LtCol Eugene H. Robinson, Jr., USMC.
**Convening Authority:** Commanding General, 1st MAW, Okinawa, Japan.
**Staff Judge Advocate's Recommendation:** Maj J.M. Hackel, USMC.
**For Appellant:** Maj Jason R. Wareham, USMC.
**For Appellee:** Capt Matthew M. Harris, USMC; LT James M. Belforti, JAGC, USN.

**21 May 2015**

---------------------------------------------------------
## OPINION OF THE COURT
---------------------------------------------------------

**THIS OPINION DOES NOT SERVE AS BINDING PRECEDENT, BUT MAY BE CITED AS PERSUASIVE AUTHORITY UNDER NMCCA RULE OF PRACTICE AND PROCEDURE 18.2.**

PER CURIAM:

A panel comprised of both officer and enlisted members sitting as a general court-martial convicted the appellant, contrary to his pleas, of two specifications of possession of child pornography, in violation of Article 134, Uniform Code of Military Justice, 10 U.S.C. § 934. The members sentenced the appellant to confinement for ten years and a dishonorable

discharge.  The convening authority (CA) approved the sentence as adjudged and ordered it executed.[1]

The appellant now raises three assignments of error (AOEs):

1. that the appellant's conviction should be overturned because a general verdict cannot be upheld when the evidence offered to support the charge also includes constitutionally protected content;

2. that the appellant's conviction for possessing 14 DVDs containing child pornography cannot be sustained without amendment since one of the DVDs is not viewable; and,

3. that the files recovered from "unallocated space" are legally and factually insufficient to sustain the appellant's conviction.

After careful consideration of the record of trial and the submissions of the parties, we find merit in the appellant's second and third AOEs.  We will grant relief in our decretal paragraph.  We are convinced the findings as amended and the sentence are correct in law and fact and that no error material prejudicial to the substantial rights of the appellant remains.  Arts. 59(a) and 66(c), UCMJ.

## Background

On 8 November 2012, an agent of the Naval Criminal Investigative Service (NCIS) executed a valid search authorization in the appellant's workplace and residence.  He seized a laptop computer, an external hard drive labeled "G drive," a tower computer, an Iomega external hard drive, and several thumb drives.  These devices contained video clips and images of both adults and children engaged in sexual activity.  The NCIS agent also retrieved a safe from the appellant's residence; inside were 14 DVDs allegedly containing child pornography.

The contraband uncovered in the appellant's possession depicted children as young as five engaging in oral, vaginal, and anal sex, as well as digital and object penetration of their vaginas and anuses.  While some of the evidence also depicted

---

[1] To the extent the CA's action purports to execute the dishonorable discharge, it is a legal nullity.  *United States v. Bailey*, 68 M.J. 409 (C.A.A.F. 2009).

2

adult pornography and nudist images, the agent estimated at trial that approximately 70% of the images found were child pornography. Record at 459.

Specification 1 of the Charge was based upon images allegedly found on the "external hard drives, computers, and thumb drives." Charge Sheet. The "G drive" contained these images as saved files. The images found on the other devices were located in "unallocated space."[2] The second specification concerned the 14 DVDs. The members received all of the electronic evidence, but it is unknown which DVDs or CDs they viewed during deliberations. One of the DVDs, Prosecution Exhibit 16, will no longer open for viewing.

Prior to closing arguments, the military judge properly instructed the members, *inter alia*, on the definitions of "child pornography," "sexually explicit conduct," and "lascivious." Record at 661-62. He instructed that the evidence must go beyond mere child nudity, and must be "sexually suggestive" and "designed to elicit a sexual response in the viewer." *Id.* at 662. During argument, trial counsel acknowledged that there was adult pornography mixed in with the child pornography, and urged the members to appropriately distinguish between the two when reaching a decision. *Id.* at 692-94. The members returned a general verdict of guilt without specifically indicating which pieces of evidence they relied upon to reach their decision.

Other facts necessary to address the assigned errors will be provided below.

## General Verdict

Relying on *United States v. Barberi*, 71 M.J. 127 (C.A.A.F. 2012), the appellant contends that his conviction should be overturned because the members returned a general verdict where the evidence presented contained both child pornography and constitutionally protected material (adult pornography and non-prurient nudist pictures). He claims that, given the possibility the members may have based their verdict on constitutionally protected images, this court cannot affirm the conviction.

---

[2] "Unallocated Space" was defined by the Government's expert as that portion of a disc drive "not currently occupied by file in the systems" and which "often retains information that was previously in a file that has since then been deleted." Record at 587.

We may have found merit in this argument if *Barberi* was still an accurate reflection of the law. In *United States v. Piolunek*, 74 M.J. 107, No. 14-0283 & 14-5006, 2015 CAAF Lexis 313 at *3, (C.A.A.F. Mar. 26, 2015), the Court of Appeals for the Armed Forces (CAAF) held that *Barberi* "was wrongly decided." In *Piolunek*, which, like the instant case, dealt with a general verdict where the evidence contained both proscribed and constitutionally protected material, the CAAF "recognize[d] that properly instructed members are well suited to assess the evidence and make the . . . factual determination . . . whether an image does or does not depict the genitals or pubic region, and is, or is not, a visual depiction of a minor engaging in sexually explicit conduct." *Id.,* at *8. Furthermore, "[A]bsent an unconstitutional definition of criminal conduct, flawed instructions, or evidence that members did not follow those instructions . . . there is simply no basis in law to upset the ordinary assumption that members are well suited to assess the evidence in light of the military judge's instructions." *Id.,* at *3-4.

Here, the prosecution offered hundreds of images and videos to prove the appellant possessed child pornography. While there was some amount of constitutionally protected content mixed in with the contraband, there is no reason to second-guess the ability of the members to distinguish between the two when reaching a verdict, particularly when the record shows that the military judge instructed them properly and trial counsel cautioned the members to be careful in making the distinction. Accordingly, we are confident that the members were able to properly identify child pornography and distinguish it from other content.

**Malfunctioning DVD**

Although not styled as such, the appellant's second AOE is a question of whether the record of trial is incomplete. This is a matter of law we review *de novo*. *United States v. Henry*, 53 M.J. 108, 110 (C.A.A.F. 2000). "A substantial omission renders a record of trial incomplete and raises a presumption of prejudice that the Government must rebut." *Id.* at 111 (citations omitted).

We find our inability to view Prosecution Exhibit 16 to be tantamount to the DVD being missing from the record, and we find this "omission" to be substantial. Article 66, UCMJ, states that this court "may affirm findings of guilty and the sentence or such part or amount of the sentence, as it finds correct in

4

law and fact and determines, on the basis of the entire record, should be approved." The contents of Prosecution Exhibit 16 go to the very heart of the charged misconduct. Without the ability to view the exhibit, we cannot determine whether it did indeed contain child pornography.

In its Answer, the Government claims any prejudice is remedied by the fact it provided this court with copies of all 14 DVDs admitted at trial, including Prosecution Exhibit 16. We cannot agree, as we are unable to discern which of the images in the copies reflect those contained in Prosecution Exhibit 16. The Government also argues that the pictures on the DVD wrapper are sufficient to show that Prosecution Exhibit 16 contains images of child pornography. The pictures are small and of very poor quality. Even if we could find an adequate connection between the wrapper images and the contents of the DVD, the wrapper's pictures do not clearly depict child pornography.

As there is no other substitute for, or sufficient description of, the unviewable DVD, we find the Government has failed to rebut the presumption of prejudice. Accordingly, we cannot affirm a finding of guilt to the specification insofar as it alleges the appellant possessed 14 DVDs containing child pornography.

**Files in Unallocated Space**

The appellant claims that his conviction of Specification 1 cannot stand as it is based, in part, on files extracted from the unallocated space on the Iomega hard drive, and the Government failed to prove he knowingly possessed those files. We agree, but only to the extent the specification alleges knowing possession of child pornography images on any electronic device other than the "G drive" external drive.

We review questions of legal and factual sufficiency *de novo*. *United States v. Winckelmann*, 70 M.J. 403, 406 (C.A.A.F. 2011). The test for legal sufficiency is whether any rational trier of fact could have found that the evidence met the essential elements of the charged offense, viewing the evidence in a light most favorable to the Government. *United States v. Turner*, 25 M.J. 324, 324 (C.M.A. 1987); *United States v. Reed*, 51 M.J. 559, 561-62 (N.M.Crim.Ct.App. 1999), *aff'd*, 54 M.J. 37 (C.A.A.F. 2000). The test for factual sufficiency is whether we are convinced of the appellant's guilt beyond a reasonable doubt, allowing for the fact that we did not personally observe the witnesses. *Turner,* 25 M.J. at 325.

5

1.  *The Images*

At trial, the Government's expert testified she reviewed 25 images provided by the NCIS agent.  Of those, 19 were in saved files on the appellant's "G drive" external drive.  The remaining six were located in unallocated space on the Iomega external drive.  The expert also located possible images of child pornography in unallocated space on one thumb drive and the laptop computer.  Using evidence of search terms used on 18 September 2012, the expert was able to link the images on the "G drive" to the laptop computer.  She was also able to show that the "G drive" and Iomega drives were at some point connected to the laptop.  However, due to her inability to discern the filenames of the images in unallocated space on the Iomega drive, the expert could not say when or whether these files were accessed.

2.  *Legal Sufficiency*

The elements of possessing child pornography, as charged in the present case, are: (1) that the accused knowingly and wrongfully possessed child pornography; and, (2) that under the circumstances, the conduct of the appellant was of a nature to bring discredit upon the armed forces. MANUAL FOR COURTS-MARTIAL, UNITED STATES (2012 ed.), Part IV, ¶ 68b.  The Government charged the appellant with possessing the child pornography in question "between on or about 7 October 2012 and on or about 8 November 2012."  Charge Sheet.

Viewing the evidence in the light most favorable to the Government, we find that the testimony of the NCIS agent and the Government's computer forensic expert, as well as the images contained in Prosecution Exhibit 1, support a finding that the appellant knowingly possessed child pornography in files found on his "G drive" external drive when it was seized on 8 November 2012.  Thus, we find the evidence to be legally sufficient for the images on that electronic device.

We cannot do the same with regards to images found on the other devices.  The CAAF has recognized that "knowing possession" as it relates to child pornography means "'to exercise control of something.'"  *United States v. Navrestad*, 66 M.J. 262, 267 (C.A.A.F. 2008) (quoting MCM, Part IV, ¶ 37c(2)).  Here, the Government's expert testified she would be unable to view the files found in unallocated space without using some sort of forensic device.  The Government presented no evidence to show the appellant possessed or knew how to use such a

forensic device. Thus, the existence of the images in unallocated space on the thumb drives, IOMEGA external drive and computers is, alone, legally insufficient to prove the appellant exercised "dominion and control" over the files on the date NCIS seized these devices. *Id.; see United States v. Kuchinski*, 469 F.3d 853, 862 (9th Cir. 2006) (holding that in situation in which "a defendant lacks knowledge about the cache files, and concomitantly lacks access to and control over those files, it is not proper to charge him with possession and control of the child pornography images located in those files, without some other indication of dominion and control over the images. To do so turns abysmal ignorance into knowledge and a less than valetudinarian grasp into dominion and control").

We find no other evidence in the record to overcome this shortcoming. While the record includes circumstantial evidence indicating the appellant downloaded these images, this evidence does nothing to show the appellant "knowingly possessed" the image during the period charged. *See United States v. Flyer*, 633 F.3d 911, 919-20 (9th Cir. 2011) (citing *Navrestad* and holding that evidence was legally insufficient to prove knowing possession of child pornography in his computer's unallocated space on or about the date charged in the indictment). The Government charged a specific, month-long period during which the appellant allegedly possessed child pornography. However, they produced no evidence to indicate when the appellant accessed the images found in unallocated space. Accordingly, we find the evidence to be legally insufficient to prove the appellant knowingly and wrongfully possessed images depicting child pornography on any devices other than the "G drive" external hard drive.

3. *Factual sufficiency*

Based on a careful review of the record, we are convinced beyond a reasonable doubt both that the appellant knowingly possessed child pornography on the "G drive" external hard drive and that such possession was of a nature to bring discredit upon the armed forces.

**Sentence Reassessment**

We find no reason to alter the appellant's punishment in this case. Setting aside one of the 14 DVDs and the images found in unallocated space does not dramatically alter the sentencing landscape. *See United States v. Buber*, 62 M.J. 476 (C.A.A.F. 2006). The remaining evidence includes many dozens of

7

videos involving young children engaging in sexual activity. The nature and gravity of the offenses has not changed. There is no lessening of the appellant's punitive exposure. Applying the analysis set forth in *United States v. Sales*, 22 M.J. 305 (C.M.A. 1986), *United States v. Moffeit*, 63 M.J. 40 (C.A.A.F. 2006), and *United States v. Cook*, 48 M.J. 434, 438, (C.A.A.F. 1998), we are convinced the members would have imposed the same sentence in the absence of the fourteenth DVD and unallocated space images, and find that the sentence imposed is appropriate.

## Conclusion

Accordingly, the finding as to the charge is affirmed. The finding as to Specification 1 is affirmed, excepting the words "external hard drives, computers and thumb drives," substituting therefore the words "his 'G drive' external hard drive." The finding as to Specification 2 is affirmed, excepting the numeral "14" and substituting therefor the numeral "13." The sentence as approved by the CA is affirmed.


For the Court



R.H. TROIDL
Clerk of Court

8