# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
TOZZI, CAMPANELLA, and CELTNIEKS
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist JOSEPH R. LEE**
**United States Army, Appellant**

ARMY 20130718

Headquarters, 7th Army Joint Multinational Training Command
Joshua S. Shuey, Military Judge
Lieutenant Colonel John L. Kiel, Jr., Acting Staff Judge Advocate

For Appellant: Colonel Kevin Boyle, JA; Major Amy E. Nieman, JA; Captain Patrick J. Scudieri, JA (on brief).

For Appellee: Major A.G Courie III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

9 July 2015

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A general court-martial comprised of officer and enlisted members convicted appellant, consistent with his plea, of one specification of violating a lawful general order in violation of Article 92 Uniform Code of Military Justice, 10 U.S.C. § 892 (2006) [hereinafter UCMJ]. Contrary to his pleas appellant was convicted of three specifications of possessing child pornography in violation of Article 134, UCMJ, 10 U.S.C. § 934. The panel sentenced appellant to a dishonorable discharge, confinement for two years, forfeiture of all pay and allowances, and reduction to the grade of E-1. The convening authority approved only so much of the sentence as provided for a dishonorable discharge, confinement for twenty-two months, forfeiture of all pay and allowances, and reduction to the grade of E-1.

Appellant's case is before this court for review under Article 66, UCMJ. Appellate counsel assigned six errors to this court, and appellant personally raised matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). One of

the assigned errors warrants discussion but no relief.[1] We find the matters raised pursuant to *Grostefon* are without merit.

The panel returned a general verdict of guilty to the Specifications of Charge II for possession of child pornography. The images contained in Prosecution Exhibits 10 and 11 pertained to Specifications 1 and 2 of Charge II. Those Specifications charged appellant with possession of "more than fifty (50) digital images and one (1) video of child pornography..." Appellant alleges the evidence is legally and factually insufficient to support his conviction of possessing child pornography as defined by 18 U.S.C § 2256 (8) as the pictures do not meet the definition. Appellant asserts that no reasonable factfinder could have found certain photographs in Prosecution Exhibits 10 and 11[2] to meet the definition of child pornography.

Article 66(c), UCMJ, requires that we approve only those findings of guilty we determine to be correct in both law and fact. We review issues of legal and factual sufficiency *de novo*. *United States v. Washington,* 57 M.J. 394, 399 (C.A.A.F. 2002). The test for legal sufficiency of the evidence is "whether, considering the evidence in the light most favorable to the prosecution, a reasonable factfinder could have found all the essential elements beyond a reasonable doubt." *United States v. Turner,* 25 M.J. 324 (C.M.A. 1987) (citing *Jackson v. Virginia,* 443 U.S. 307, 319 (1979)). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we] are [ourselves] convinced of the accused's guilt beyond a reasonable doubt." *Turner,* 25 M.J. at 325.

"Child pornography" is defined as "any visual depiction . . . where the production of such visual depiction involves the use of a minor engaging in sexually explicit conduct." 18 U.S.C. § 2256(8)(A). "Sexually explicit conduct" is defined as "actual or simulated sexual intercourse . . . or . . . lascivious exhibition of the genitals or pubic area of any person." 18 U.S.C. §§ 2256(2)(A)(i), (v). It is clear from the record that appellant was convicted of possession of child pornography consistent with the above definitions.

---

[1] We also find that the matters raised in appellant's motion to reconsider this court's decision to grant the government's motion to attach Prosecution Exhibit 7 are without merit.

[2] Specifically, appellant asserts Prosecution Exhibit 10, photos 53, 101, 105, 108, 112, and 175, and Prosecution Exhibit 11, photos 207, 267, and 270, do not meet the definition of child pornography.

It is also clear from the record that not all the images provided in the prosecutions exhibits constitute child pornography as defined by the statute above. Appellant alleges six images from Prosecution Exhibit 10 and three images from Prosecution Exhibit 11 do not meet the definition of child pornography. We agree with appellant that those particular images do not meet the statutory definition and are therefore constitutionally protected. However, even discounting those images from the prosecution's exhibits, there are still enough qualifying images, clearly over fifty images in each exhibit, that meet the definition of child pornography for each specification. The video contained in Prosecution Exhibits 10 and 11 also meets the definition of child pornography. In light of our superior court's recent ruling in *United States v. Piolunek*, it is no longer necessary to reject an entire verdict simply because some of the conduct that resulted in the verdict was constitutionally protected. 74 M.J. 107, 111-12 (C.A.A.F. 2015) ("Contrary to our conclusion in *Barberi,* convictions by general verdict for possession and receipt of visual depictions of a minor engaging in sexually explicit conduct on divers occasions by a properly instructed panel need not be set aside after the CCA decides several images considered by the members do not depict the genitals or pubic region").

## CONCLUSION

Upon consideration of the entire record, the findings of guilty and the sentence are AFFIRMED.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court

3