# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
MULLIGAN, HERRING, and BURTON
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Private E2 JOSEPH A. KING**
**United States Army, Appellant**

ARMY 20140574

Headquarters, U.S. Army Maneuver Support Center of Excellence
Jeffery R. Nance., Military Judge
Colonel Robert Resnick, Staff Judge Advocate

For Appellant: Major Aaron R. Inkenbrandt, JA; Captain Nicholas J. Larson, JA (on brief).

For Appellee: Colonel Mark H. Sydenham, JA; Major A.G. Courie, III, JA; Major Daniel D. Derner, JA; Captain Christopher A. Clausen, JA (on brief).

2 October 2015

---------------------------------
SUMMARY DISPOSITION
---------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, pursuant to his pleas, of one specification of wrongful possession of child pornography in violation of Article 134, Uniform Code of Military Justice [hereinafter UCMJ], 10 U.S.C. § 934 (2012). The military judge sentenced appellant to a bad-conduct discharge and thirty months confinement. In accordance with a pretrial agreement, the convening authority approved only fifteen months confinement but approved the remainder of the sentence.

This case is before the court for review under Article 66, UCMJ. Appellant assigns one error asserting that his plea to the child pornography charge was improvident and raises additional matters pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). The error assigned warrants brief discussion and partial relief.

Appellant claims that twenty of the 782 images charged as child pornography are not child pornography under the law and facts and requests this court therefore amend the specification accordingly and reassess the sentence. Appellant's argument is moot to seven of the images, because the military judge did not accept the appellant's guilty plea to those seven images.

We agree with appellant as it relates to six of the remaining thirteen images he seeks to set aside. Those images in the file folder "Pedo" that we set aside are:

Vlcsnap-2013-07-06-08h43m19s80.png,
Vlcsnap-2013-07-06-08h43m25s135.png,
Vlcsnap-2013-07-06-08h43m35s233.png,
Vlcsnap-2013-07-06-08h43m49s28,
Vlcsnap-2013-07-06-09h19m30s1.png, and
Vlcsnap-2013-07-06-09h19m57s30.png.

Appellant pleaded guilty to these images on the grounds that they contain a lascivious exhibition of the genitals or pubic area or that they depict children engaged in sex acts. These six images do not. *See United States v. Blouin*, 74 M.J. 247 (C.A.A.F. 2015) and *United States v. Piolunek*, 74 M.J. 107 (C.A.A.F. 2015).

## CONCLUSION

After review of the entire record, including the parties' pleadings and the matters raised by appellant pursuant to *Grostefon*, we approve only so much of the finding of guilty to The Charge and its Specification[*] as follows:

> In that Private (E-2) Joseph A. King, U.S. Army, did, at or near Fort Riley, Kansas, on or about 9 September 2013, knowingly and wrongfully possess on a hard drive child pornography, to wit:
>
> 491 digital images in a folder entitled "Pedo";
> 61 digital images in a folder entitled "Melissa";
> 60 digital images in a folder entitled "3 sisters";
> 41 digital images in a folder entitled "11-15 series";
> 41 digital images in a folder entitled "Salome";
> 29 digital images in a folder entitled "9yo Lisa Swallow Daddy Cum";

---

[*] We recognize that the phrase "or what appears to be minors" is merely surplusage under the circumstances of this case. *See Manual for Courts-Martial, United States* (2012 ed.), pt. IV, ¶ 64b.f.; *see also United States v. Finch*, 73 M.J. 144 (C.A.A.F. 2014).

22 digital images in a folder entitled "2 sisters";
6 digital images in a folder entitled "Awesome 12yo";
6 digital images in a folder entitled "Carrie (JB)"; and

31 video files in a folder entitled "Vids";

all images and videos depicting minors, or what appears to
be minors, engaging in sexually explicit conduct, such
conduct being of a nature to bring discredit upon the
armed forces.

The finding of guilty of The Specification of The Charge, as so amended, is
AFFIRMED. Reassessing the sentence on the basis of the error noted, the remaining
findings of guilty, and the record as a whole, the sentence is AFFIRMED. *See
United States v. Winckelmann*, 73 M.J. 11 (C.A.A.F. 2013); *United States v. Sales*,
22 M.J. 305, 307-08 (C.M.A. 1986). All rights, privileges, and property, of which
appellant has been deprived by virtue of that portion of the findings set aside by this
decision, are ordered restored.

FOR THE COURT:

MALCOLM H. SQUIRES, JR.
Clerk of Court