# UNITED STATES AIR FORCE COURT OF CRIMINAL APPEALS

_____

**Airman Basic SEBASTIAN P. LABELLA,**
**United States Air Force**

**v.**

**UNITED STATES**

**Misc. Dkt. No. 2016-05**

**7 July 2016**

Sentence adjudged 9 April 2010 by GCM convened at Keesler Air Force Base, Mississippi. Military Judge: W. Thomas Cumbie.

Approved sentence: Bad-conduct discharge, confinement for 6 months, forfeiture of $477.00 pay per month for 3 months, and reduction to E-1.

Counsel for Petitioner: Major Ja Rai A. Williams

Counsel for the United States: Gerald R. Bruce, Esquire.

Before

MITCHELL, DUBRISKE, and BROWN
Appellate Military Judges

OPINION OF THE COURT

This opinion is issued as an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 18.4.

BROWN, Judge:

Petitioner filed a petition for a writ of coram nobis alleging that his appellate counsel provided ineffective assistance by failing to submit a timely appeal to the United States Court of Appeals for the Armed Forces (CAAF). We conclude that Petitioner was not prejudiced by his prior counsel's performance as he would not prevail under the issues he sought to appeal. Thus, the petition for extraordinary relief in the nature of error coram nobis is hereby denied.

*Background*

Contrary to Petitioner's pleas, a panel of officers sitting as a general court-martial convicted him of one specification of wrongful and knowing possession of visual depictions of minors engaging in sexually explicit conduct and one specification of wrongful and knowing possession of "what appear to be" minors engaging in sexually explicit conduct, both in violation of Clause 1 or 2 of Article 134, UCMJ, 10 U.S.C. § 934. The members sentenced Petitioner to a dishonorable discharge, confinement for 6 months, forfeiture of $447.00 pay per month for 3 months, and reduction to E-1. The convening authority approved a bad-conduct discharge instead of the adjudged dishonorable discharge; otherwise, the remainder of the sentence was approved as adjudged.

On appeal, this court affirmed the approved findings and sentence. *United States v. Labella*, ACM 37679, (A.F. Ct. Crim. App. 15 February 2013) (unpub. op.). Our superior court, however, granted review, set aside our earlier decision, and remanded the case to this court to consider the following two issues raised by Petitioner:

> I. WHETHER APPELLANT'S CONVICTION FOR SPECIFICATION 1 OF THE ARTICLE 134 CLAUSE 1 AND 2 CHARGE MUST BE SET ASIDE BECAUSE THE VERDICT OF GUILT RESTED ON CONDUCT THAT WAS CONSTITUTIONALLY PROTECTED BECAUSE AT LEAST 6 OF THE IMAGES DID NOT DEPICT A LASCIVIOUS EXHIBITION OF THE GENITALS OR PUBIC AREA.
>
> II. WHETHER THE MILITARY JUDGE ERRED IN INSTRUCTING THE MEMBERS THAT IN ORDER TO FIND APPELLANT GUILTY OF POSSESSION OF VISUAL DEPICTIONS OF MINORS ENGAGING IN SEXUALLY EXPLICIT CONDUCT IN VIOLATION OF ARTICLE 134, CLAUSE 1 AND 2, THE IMAGES MUST BE OF A CHILD UNDER THE AGE OF 18, INSTEAD OF UNDER THE AGE OF 16 AS THE UCMJ DEFINES A CHILD.

*United States v. Labella*, 72 M.J. 471 (C.A.A.F. 2013) (mem.).

We resolved both of these issues adversely to Petitioner. *United States v. Labella*, ACM 37679 (rem), (A.F. Ct. Crim. App. 2 July 2014) (unpub. op.). In considering the first issue, this court determined that 5 of the 32 images that formed the basis for Petitioner's conviction of Specification 1 did not meet the legal definition of sexually explicit conduct. *Id*. at 5. Nevertheless, we did not set aside the verdict as to that specification because we

determined that, based on the quantitative strength, qualitative nature, and surrounding circumstances of the remaining 27 images, that the error as to the 5 images was harmless beyond a reasonable doubt. *Id*. at 8. As to the second issue, we concluded that the military judge did not abuse his discretion in defining a minor, for purposes of possessing visual depictions of a minor engaged in sexually explicit conduct in violation of clause 1 and 2 of Article 134, UCMJ, as a person less than 18 years. *Id*. at 11. This definition was consistent with how a minor is defined by federal law criminalizing possession of this material and this federal law provided fair notice to Appellant. *Id*.

After issuance of our opinion, Petitioner had 60 days to either request reconsideration of our decision or file an appeal with our superior court. Article 67(b)(2), UCMJ, 10 U.S.C. § 867(b)(2). Petitioner's counsel failed to file a motion for reconsideration or an appeal within this 60-day statutory window. Petitioner's conviction became final as to the legality of the proceedings when the 60-day statutory window expired. Article 71(c)(1)(A), UCMJ, 10 U.S.C. § 871(c)(1)(A).

Several months later, however, Petitioner requested to file a motion for reconsideration out of time. Although we granted the motion to file out of time, we denied the motion for reconsideration. Petitioner then filed a petition for review to our superior court. The CAAF dismissed the petition after concluding we lacked jurisdiction to grant the petition to file an out of time request for reconsideration and that, consequently, our superior court also lacked jurisdiction. *United States v. Labella*, 75 M.J. 52 (C.A.A.F. 2015).

The convening authority promulgated General Court-Martial Order Number 9 and ordered Petitioner's bad-conduct discharge to be executed on 15 January 2016. Petitioner's case is final under Article 76, UCMJ, 10 U.S.C. § 876.

*Discussion*

There is a final judgment as to the legality of the proceedings under Article 71(c)(1), UCMJ, and the case is final under Article 76, UCMJ. Despite this finality, this court has the authority to consider a petition for writ of error coram nobis. *United States v. Frischholz*, 36 C.M.R. 306 (C.M.A. 1966).

We derive this authority from the All Writs Acts, 28 U.S.C. § 1651(a). *Loving v. United States*, 62 M.J. 235, 245 (C.A.A.F. 2005) (citing *Clinton v. Goldsmith*, 526 U.S. 529, 534 (1999)). The All Writs Act does not enlarge our jurisdiction. *Clinton*, 526 U.S. at 534–35. Rather, it confines our authority to issuing writs necessary or appropriate in aid of our jurisdiction. *Id*. Our jurisdiction to review the findings and sentence of courts-martial is defined in Article 66(c), UCMJ, 10 U.S.C. § 866(c). This notwithstanding, the Supreme Court has noted that "judgment finality is not to be lightly cast aside; and courts

must be cautious so that the extraordinary remedy of *coram nobis* issues only in extreme cases." *United States v. Denedo*, 556 U.S. 904, 916 (2009).

Our superior court has identified standards applicable to review an ineffective assistance of counsel claim raised via an error coram nobis petition. *Denedo v. United States*, 66 M.J. 114, 126 (C.A.A.F. 2008), *aff'd and remanded by* 556 U.S. 904 (2009). It adopted "the two-tiered evaluation used by Article III courts for coram nobis review of ineffective assistance of counsel claims." *Id.*

In the first tier, Petitioner must meet the following threshold requirements for a writ of coram nobis:

> (1) the alleged error is of the most fundamental character; (2) no remedy other than coram nobis is available to rectify the consequences of the error; (3) valid reasons exist for not seeking relief earlier; (4) the new information presented in the petition could not have been discovered through the exercise of reasonable diligence prior to the original judgment; (5) the writ does not seek to reevaluate previously considered evidence or legal issues; and (6) the sentence has been served, but the consequences of the erroneous conviction persist.

*Id.* The threshold requirements on the alleged error of ineffective assistance of counsel by appellate counsel are satisfied in this case.

We must next conduct the second-tier analysis of the ineffective assistance of counsel claim applying the principles set out in *Strickland v. Washington*, 466 U.S. 668 (1984). *Denedo*, 66 M.J. at 126. "A military accused is entitled under the Constitution and Article 27(b), UCMJ, 10 U.S.C. § 827(b) (2000), to the effective assistance of counsel." *Denedo*, 66 M.J. at 127 (citing *United States v. Scott*, 24 M.J. 186, 187–88 (C.M.A. 1987)). This applies both at the trial and appellate levels. *See United States v. Van Hullum*, 15 M.J. 261, 268 (C.M.A. 1983) (failing to brief and argue an issue before the service court was ineffective assistance of counsel where the accused had a non-frivolous issue that had been asserted at trial). However, Petitioner must still "surmount a very high hurdle" when making an ineffective assistance of counsel claim. *Denedo*, 66 M.J. at 127 (quoting *United States v. Perez*, 64 M.J. 239, 243 (C.A.A.F. 2006)).

"To prevail on a claim of ineffective assistance of counsel, [Petitioner] must demonstrate both (1) that his counsel's performance was deficient, and (2) that this deficiency resulted in prejudice." *United States v. Green*, 68 M.J. 360, 361–62 (C.A.A.F. 2010) (citing *Strickland*, 466 U.S. at 687). In reviewing for ineffectiveness, the court "looks at the questions of deficient performance and prejudice de novo." *United States v. Gutierrez*, 66 M.J. 329, 330–31 (C.A.A.F. 2008). "[I]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will

often be so, that course should be followed." *Id*. at 331 (quoting *Strickland*, 466 U.S. at 697). To demonstrate prejudice, the petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (quoting *Strickland*, 466 U.S. at 694).

We hold that Petitioner has failed to meet his burden. As Petitioner's alleged deficient performance was the failure of counsel to file a timely appeal to the CAAF, to demonstrate prejudice, Petitioner must be able to demonstrate a reasonable probability that our superior court would have provided relief if the petition was submitted within the statutory window. For the reasons set forth in our prior opinion, we remain unpersuaded that Appellant is entitled to relief. *See Labella*, ACM 37679 (rem); *see also United States v. Piolunek*, 74 M.J. 107 (C.A.A.F. 2015) (affirming a general verdict of possessing and receipting child pornography when only 19 of the 22 images admitted by the government as evidence as to this offense constituted child pornography).[*]

Petitioner, in his writ to this court, has not identified, and we have not found, any additional basis for relief as to the issues that he desired our superior court consider on further appeal.

*Conclusion*

After considering the pleadings of the parties, we conclude Petitioner has failed to demonstrate that he was prejudiced by the failure of his counsel to timely appeal our prior decision to the CAAF. Accordingly, it is by the court on this 7 day of July, 2016,

ORDERED:

That the petition for extraordinary relief in the nature of a coram nobis is hereby **DENIED**.

FOR THE COURT

LEAH M. CALAHAN
Clerk of the Court

---

[*] In so concluding, however, we understand that Petitioner may now appeal this writ to the United States Court of Appeals for the Armed Forces (CAAF). *Compare Denedo*, 556 U.S. 904, 915 (2009) ("Because the [service court] had jurisdiction over respondent's petition for *coram nobis*, the CAAF had jurisdiction to entertain respondent's appeal from the [service court]'s judgment.") *with Rittenhouse v. United States*, 69 M.J. 174 (C.A.A.F. 2010) (declining a writ of error coram nobis submitted directly to the CAAF).