# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

————————————

**No. ACM S32574**

————————————

**UNITED STATES**
*Appellee*

**v.**

**Landon M. TAYLOR**
Airman First Class (E-3), U.S. Air Force, *Appellant*

————————————

Appeal from the United States Air Force Trial Judiciary

Decided 29 August 2019

————————————

*Military Judge:* Mark F. Rosenow (arraignment); Rebecca E. Schmidt.

*Approved sentence:* Bad-conduct discharge, confinement for 5 months, and reduction to E-1. Sentence adjudged 11 December 2018 by SpCM convened at Vandenberg Air Force Base, California.

*For Appellant:* Major Kirk W. Albertson, USAF.

Before MINK, LEWIS, and D. JOHNSON, *Appellate Military Judges*.

————————————

**This is an unpublished opinion and, as such, does not serve as precedent under AFCCA Rule of Practice and Procedure 30.4.**

————————————

PER CURIAM:

In accordance with Appellant's pleas pursuant to a pretrial agreement, a special court-martial composed of a military judge convicted Appellant of two specifications of impaired operation of a vehicle, one specification of wrongful use of marijuana on divers occasions, one specification of wrongful introduction of marijuana, one specification of wrongful distribution of marijuana, and one specification of breaking restriction in violation of Articles 111, 112a, and 134,

Uniform Code of Military Justice (UCMJ), 10 U.S.C. §§ 911, 912a and 934.[1] The military judge sentenced Appellant to a bad-conduct discharge, confinement for 5 months, and reduction to E-1. The pretrial agreement did not impact the sentence the convening authority could approve and the convening authority approved the adjudged sentence.

## I. BACKGROUND

This case was submitted for our review on its merits without assignment of error. Upon our review, we noted two errors: (1) a scrivener's error on the charge sheet in which the Appellant pleaded and was found guilty of using marijuana on or about *31* September 2018 (emphasis added); and (2) the staff judge advocate's recommendation (SJAR) misstated the maximum punishment in a special court-martial. We briefly address each error.

## II. DISCUSSION

### A. Charge Sheet – Scrivener's Error

The first error involves Specification 1 of Charge I. After Appellant's arraignment, the Government elected to amend Specification 1 of Charge I by striking the word "August" and replacing it with the word "September", thereby expanding the charged timeframe by one month. The specification then read, in pertinent part, "between on or about 1 December 2017 and on or about 31 September 2018 wrongfully use marijuana."[2] Appellant pleaded and was found guilty of the amended specification. The obvious challenge created by this change is that there was no 31 September 2018, because September only has 30 days in the month. Despite the "on or about" language in the specification, we elect not to affirm an obvious scrivener's error for a date that does not exist.

During his providence inquiry with regard to Specification 1 of Charge 1, Appellant stated at one point: "On multiple occasions, within Vandenberg or California, or the local area, I used marijuana between 1 December and . . . to the 3rd of September 2018." In the stipulation of fact, Appellant stipulated to

---

[1] All references in this opinion to the Uniform Code of Military Justice (UCMJ) and Rules for Courts-Martial (R.C.M.) are found in the *Manual for Courts-Martial, United States* (2016 ed.).

[2] The Government also added a terminal element to the Specification of Charge III, breaking restriction. Appellant did not object to the major changes pursuant to R.C.M. 603.

"routinely using marijuana since December 2017." Furthermore, during his providence inquiry Appellant was asked by the military judge: "Do you know how many times you used marijuana between the first of December 2017 and the 31st of September 2018?" Appellant replied: "I don't know the exact number; but, I smoked within that timeframe at least once or twice a week."[3]

We are mindful of the recent United States Court of Appeals for the Armed Forces (CAAF) opinion in *United States v English*, __ M.J. __, No. 19-0050, 2019 CAAF LEXIS 562, (C.A.A.F. 30 July 2019). In *English*, CAAF stated: "As the Government concedes, exceptions and substitutions under Rule for Courts-Martial (R.C.M.) 918(a)(1) (2016 ed.), may not be made at the appellate level." *Id.* at *2 (citing *United States v. Lubasky,* 68 M.J. 260, 261 (C.A.A.F. 2010)). However, CAAF further clarified: "In performing its review under Article 66(c), UCMJ, a Court of Criminal Appeals (CCA) may narrow the scope of the appellant's conviction to that conduct it deems legally and factually sufficient." *English* at *6 (citing *United States v. Piolunek*, 74 M.J. 107, 112 (C.A.A.F. 2015) (language omitted); *United States v. Rodriguez*, 66 M.J. 201, 203 (C.A.A.F. 2008) ("upholding the CCA's decision to strike 'on divers occasions' from the specification at issue and affirm only one instance of the offense")).[4] In this case, we are narrowing the time frame to that conduct we deem legally and factually sufficient. Therefore, based on the Appellant's own words during the providence inquiry that he used marijuana until the "3rd of September," in our decretal paragraph, we will strike the number "1" from the date "31 September 2018."

## B. SJAR Error – Maximum Punishment

The second error involves the SJAR, in which the maximum punishment was stated as a: "bad conduct discharge, confinement for one (1) year, and forfeiture of two-thirds pay per month for twelve (12) months." The SJAR did not include reduction to E-1 as part of the maximum punishment. *See* Article 56(a) UCMJ and R.C.M. 1003(b)(4).

---

[3] In addition, Appellant signed a stipulation of fact stating he used marijuana "around April 2018" and nine separate times in May 2018. In addition, on or about May 2018 while on leave in Louisiana, Appellant "smoked 12 full blunts."

[4] CAAF further reiterated this point when it stated: "We specifically note that this holding does not call into question our decisions that permit a CCA to *narrow* the scope of language in a specification to affirm only so much as is correct in law and fact . . . . Where the CCA narrows the charging language rather than broadening it, such a change does not run afoul of the due process concerns implicated here." *English,* 2019 CAAF LEXIS 662 at *11, n.5.

Proper completion of post-trial processing is a question of law this court reviews de novo. *United States v. Sheffield*, 60 M.J. 591, 593 (A.F. Ct. Crim. App. 2004) (citation omitted). "Failure to timely comment on matters in the SJAR, or matters attached to the recommendation, forfeits any later claim of error in the absence of plain error." *United States v. LeBlanc*, 74 M.J. 650, 660 (A.F. Ct. Crim. App. 2015) (en banc) (citing R.C.M. 1106(f)(6); *United States v. Scalo*, 60 M.J. 435, 436 (C.A.A.F. 2005)). To prevail under a plain error analysis, an appellant must show "(1) there was an error; (2) [the error] was plain or obvious; and (3) the error materially prejudiced a substantial right." *Id.* (quoting *Scalo*, 60 M.J. at 436). The threshold for establishing prejudice from errors impacting an appellant's request for clemency from the convening authority is low, even in the context of plain error analysis, but there must be "some 'colorable showing of possible prejudice.'" *Id.* (quoting *Scalo*, 60 M.J. at 437).

The error in the maximum punishment was not addressed in the Defense's clemency submission. Therefore, we test for plain error. We find the error obvious based on the law cited above. We also note the military judge correctly stated the maximum punishment prior to accepting Appellant's plea of guilty and counsel for both sides concurred in the military judge's statement.

Despite the obvious error, Appellant has not attempted to make a colorable showing of possible prejudice and we find none. *See Scalo*, 60 M.J. at 436–37. The staff judge advocate advised the convening authority of his authority to "disapprove, commute, or suspend in whole or in part the confinement and reduction in rank", and the convening authority chose not to use his authority. The missing reduction to E-1 language in the recitation of the maximum punishment is an omission. Under the facts of this case, we are confident that stating the proper maximum punishment would not have led to a more favorable recommendation nor clemency by the convening authority. *See United States v. Green*, 44 M.J. 93, 95 (C.A.A.F. 1996).

### III. CONCLUSION

Specification 1 of Charge I is amended by striking the number "1" from the number "31".[5] The approved findings, as modified, and sentence are correct in law and fact, and no error materially prejudicial to Appellant's substantial rights occurred. Articles 59(a) and 66(c), UCMJ, 10 U.S.C. §§ 859(a), 866(c) (2016).

---

[5] The specification should read "In that AIRMAN FIRST CLASS LANDON M. TAYLOR, United States Air Force, 30th Logistics Readiness Squadron, Vandenberg Air Force Base, California, did, on divers occasions within the continental United States, between on or about 1 December 2017 and on or about 3 September 2018, wrongfully use marijuana." We direct a new court martial order reflecting our decision.

Accordingly, the findings as modified and sentence are **AFFIRMED**.



FOR THE COURT

AARON L. JONES
Deputy Clerk of the Court