# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
ALDYKIEWICZ, SALUSSOLIA, and WALKER
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**First Lieutenant DAVID BROWN**
**United States Army, Appellant**

ARMY 20160139

Headquarters, U.S. Army Combined Arms Center and Fort Leavenworth
J. Harper Cook, Military Judge
Lieutenant Colonel Sean T. McGarry, Staff Judge Advocate

For Appellant: Lieutenant Colonel Tiffany D. Pond, JA; Major Kyle C. Sprague, JA; Captain James J. Berreth, JA (on brief).

For Appellee: Colonel Steven P. Haight, JA; Lieutenant Colonel Wayne H. Williams, JA; Major Dustin B. Myrie, JA; Captain Thomas J. Darmofal, JA (on brief).

23 December 2019

---

SUMMARY DISPOSITION

---

*This opinion is issued as an unpublished opinion and, as such, does not serve as precedent.*

Per Curiam:

Appellant challenges the legal and factual sufficiency of his convictions of rape, aggravated sexual contact, and abusive sexual contact. We find appellant's challenges to the legal and factual sufficiency of his convictions[1] meritless, with one exception for which we grant relief in our decretal paragraph. Additionally, appellant alleged three additional assignments of error in a supplemental brief. None warrant discussion or relief.

At appellant's first court-martial a military panel composed of officer members convicted appellant of one specification of violating of a lawful general

---

[1] Appellant also alleges numerous errors in matters submitted pursuant to *United States v. Grostefon*, 12 M.J. 431 (C.M.A. 1982). We have given full and fair consideration to these matters and find them to be without merit.

regulation, three specifications of rape, one specification each of aggravated sexual contact, abusive sexual contact, and assault consummated by a battery, and two specifications of conduct unbecoming an officer and a gentleman in violation of Articles 92, 120, 128, and 133, Uniform Code of Military Justice, 10 U.S.C. §§ 892, 920, 928, 933 (2012) [UCMJ]. The convening authority approved the adjudged sentence of a dismissal and confinement for fifteen years.

On 23 February 2018, pursuant to *United States v. Hills*, 75 M.J. 350 (C.A.A.F. 2016) and *United States v. Hukill*, 76 M.J. 219 (C.A.A.F. 2017), this court set aside appellant's convictions of three specifications of rape and one specification each of aggravated sexual contact and abusive sexual contact, in violation of Article 120, UCMJ. *United States v. Brown*, ARMY 20160139, 2018 CCA LEXIS 88 (Army Ct. Crim. App. 23 Feb. 2018) (summ. disp.). This court affirmed the remaining findings of guilty, set aside appellant's sentence, and authorized a rehearing.

The government opted to retry appellant for the set-aside convictions. On 22 September 2018, a military panel composed of officer members convicted appellant, contrary to his pleas, of one specification of rape, one specification of aggravated sexual contact, and one specification of abusive sexual contact, in violation of Article 120, UCMJ. The panel sentenced appellant to a dismissal, confinement for ten years, and forfeiture of all pay and allowances.

## LAW AND DISCUSSION

We conclude appellant's convictions of Specifications 4 (aggravated sexual contact) and 5 (abusive sexual contact) of Charge I are factually insufficient to the extent that he committed sexual contact on BL's breasts, in that there was no evidence presented at trial that appellant rubbed BL's breasts, as charged. The specifications at issue read as follows:

> Specification 4: At or near Vilsek, Germany, on or about 26 August 2014, did, commit sexual contacts upon Private (E-2) B.L., to wit: rubbing her inner thigh, breasts and vaginal area with his hand, by unlawful force, to wit: bending her over the bed and holding her down with his hands with physical strength sufficient to overcome and restrain the said Private B.L.

> Specification 5: At or near Vilsek, Germany, on or about 26 August 2014, did, commit sexual contacts upon Private (E-2) B.L., to wit: rubbing her inner thigh, breasts and vaginal area with his hand, as she was walking away from him, by causing bodily harm to her, to wit: rubbing her

2

inner thigh, breasts and vaginal area with his hand,
without her consent.

This court reviews factual sufficiency de novo. *United States v. Washington*, 57 M.J. 394, 399 (C.A.A.F. 2002). The test for factual sufficiency is "whether, after weighing the evidence in the record of trial and making allowances for not having personally observed the witnesses, [we are] convinced of the [appellant]'s guilt beyond a reasonable doubt." *United States v. Turner*, 25 M.J. 324, 325 (C.M.A. 1987). In conducting this unique appellate review, we take "a fresh, impartial look at the evidence," applying "neither a presumption of innocence nor a presumption of guilt" to "make [our] own independent determination as to whether the evidence constitutes proof of each required element beyond a reasonable doubt." *Washington*, 57 M.J. at 399. Our assessment of factual sufficiency is limited to the evidence produced at trial. *United States v. Dykes*, 38 M.J. 270, 272 (C.M.A. 1993).

"In performing [our] review under Article 66(c), UCMJ, a Court of Criminal Appeals (CCA) may narrow the scope of an appellant's conviction to that conduct it deems legally and factually sufficient." *United States v. English*, 79 M.J. 116, 120 (C.A.A.F. 2019) (citing *United States v. Piolunek*, 74 M.J. 107, 112 (C.A.A.F. 2015) (upholding the CCA's determination that only nineteen of twenty-two charged images of child pornography were legally sufficient to support a conviction); *United States v. Rodriguez*, 66 M.J. 201, 203 (C.A.A.F. 2008) (upholding the CCA's decision to strike "on divers occasions" from the specification at issue and affirm only one instance of the offense)) (additional citations omitted). Though BL testified to appellant touching her inner and outer thigh and vaginal area, she never mentioned appellant touching her breasts. When specifically asked if appellant had touched her anywhere else, she responded, "No, Ma'am." The parties agree that the record contains no evidence that appellant rubbed BL's breasts. After a thorough review of the record, we agree and accept the government's concession that we should disapprove the word "breasts" in appellant's convictions for Specifications 4 and 5 of Charge I.

We are convinced appellant is guilty of Specifications 4 and 5, excepting the word "breasts" from both specifications. In light of our modification of these specifications, we must reassess appellant's sentence in accordance with our superior court's guidance in *United States v. Winckelmann*, 73 M.J. 11, 15-16 (C.A.A.F. 2013), and *United States v. Sales*, 22 M.J. 305, 307-08 (C.M.A. 1986). If we can determine that, "absent the error, the sentence would have been at least of a certain magnitude," then we "may cure the error by reassessing the sentence instead of ordering a sentence rehearing." *United States v. Doss*, 57 M.J. 182, 185 (C.A.A.F. 2002) (citing *Sales*, 22 M.J. at 307). We can easily make such a determination here.

In both modified specifications, appellant was charged with committing sexual contact upon BL by rubbing her "thigh, breasts and vaginal area." Disapproving the word "breasts" does not change the gravamen of appellant's offenses against BL. We are confident that even without the word "breasts" in the specifications, the members still would have imposed at least a dismissal from the service, confinement for ten years, and total forfeitures.

## CONCLUSION

Upon consideration of the entire record, appellant's findings of guilty are AFFIRMED, excepting the word "breasts" from Specifications 4 and 5 of Charge I.[2] Specifications 4 and 5 are otherwise AFFIRMED. Appellant's sentence is AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Chief Deputy Clerk of Court

---

[2] The findings of guilty we previously affirmed are still affirmed.